377 So.2d 447 (1979)
Helen Waldmeier THURMON, Plaintiff-Appellant,
v.
Clyde Walter THURMON, Defendant-Appellee.
No. 13969.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1979.
Rehearing Denied December 12, 1979.
*448 Sockrider & Bolin by James E. Bolin, Jr., Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Wm. Timothy Allen, III, Shreveport, for defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied December 12, 1979.
MARVIN, Judge.
The defendant-wife appeals a divorce judgment. The husband answers seeking damages for frivolous appeal and seeking to dismiss the appeal. We deny the motion to dismiss and affirm the judgment of the lower court.
In July 1977 the wife obtained a judgment of separation from her husband which included an award in her favor of $1,250 per month as alimony pendente lite. On March 20, 1979, the husband filed a petition seeking a final divorce alleging that the judgment of separation had become definitive in August 1977, and that there had been no reconciliation since that time. Thereafter the wife, through her attorney, filed an answer to the divorce petition which admitted all the allegations made by the husband, but contained no reconventional demand for permanent alimony.
The case was set for trial on April 27, 1979, and the attorney for the husband notified the wife's attorney of this fact by a letter dated April 13, 1979. This letter further informed her attorney that any claim for alimony asserted on her behalf would be contested by the husband.
There were no further communications between the attorneys until the day of trial when the wife's attorney, by oral motion, requested a continuance in order to be allowed to amend her answer to include a reconventional demand for permanent alimony. In support of this motion, he stated he did not receive the April 13 letter until the day before trial due to the severe illness of his newborn son during the preceding two weeks, and he had been unable to contact his client to inform her that the trial had been scheduled for that day. Although he stated the wife had no objection to the divorce, disposition of the issue of permanent alimony in conjunction with it was essential to her since a judgment of final divorce would terminate her entitlement to alimony pendente lite which was her only means of support.
The trial court refused to grant a continuance, holding that since the issue of permanent alimony had not been raised by pleadings or a separate rule prior to trial, it was not incidental to the suit for divorce, and consequently, the issue was not then before the court. The court further noted delay of the proceedings pending the filing of an alimony rule would not be warranted, despite the personal crisis experienced by the wife's attorney, since under the pleadings the husband was entitled to a divorce without further delay, and the wife could file a rule for permanent alimony at any time after the final divorce judgment. The trial proceeded and judgment was rendered in favor of the husband granting a final divorce.
Thereafter, the wife hired new counsel who filed a rule on her behalf for permanent alimony. In response to this rule the husband filed an exception of no cause of action based on the alleged unconstitutionality of La. Civil Code Article 160. The district court overruled this exception on May 29, 1979, and the husband immediately petitioned this court for supervisory writs. On May 30 this court issued the writs as requested and ordered all proceedings in the case stayed until further action perpetuating or recalling the writs. The next day, May 31, the wife filed a motion for suspensive appeal of the April 27 divorce judgment *449 which was granted by the district court.[1]
The wife's only contention in her appeal is that the trial court erred in refusing to grant the continuance requested on the day of trial. The husband has answered the appeal seeking damages, alleging the wife's appeal is frivolous and made solely for the purpose of delay. He also filed a motion to dismiss claiming the wife had judicially confessed judgment in the case, and therefore, the appeal should be precluded under La. Civil Code Article 2085.
We first consider the motion to dismiss. The husband contends that since the wife's answer to the divorce petition admitted all allegations of fact that would entitle him to divorce, and since her attorney admitted in argument to the court that there was no objection to the divorce, she has confessed judgment and her appeal is therefore barred under Civil Code Article 2085.
The Fourth Circuit dealt with a similar contention in Perez v. Perez, 328 So.2d 411 (La.App. 4th Cir. 1976). There the husband filed for final divorce alleging the parties had lived separate and apart without reconciliation for over one year after judgment of separation. The wife first filed an "Exception of Improper Procedure" which was overruled by the trial court and then filed an answer which admitted all allegations in the husband's petition. When the wife appealed the divorce judgment rendered in favor of the husband, he filed a motion to dismiss the appeal contending her answer to the petition was a confession of judgment under Article 2085.
The court noted that since divorce cannot be obtained by consent there could be no confession of judgment under this article, and that, at any rate, the correctness of the trial court's ruling on the exception was at issue despite the wife's admissions in her answer to the petition. Consequently, the motion was denied.
In our present case, as in Perez, the husband's entitlement to the divorce was never at issue. However, the procedures by which the divorce was obtained are alleged to be incorrect. Under C.C.P. Article 1601, the trial court has the discretion to grant a continuance. Whether the court's refusal to do so constituted an abuse of this discretion is an issue for review on appeal despite the wife's admissions regarding the questions of fact.
Regarding the merits of this issue, it is well settled that the trial court has wide discretion in acting on a motion for continuance and appellate courts should not interfere in such matters except in extreme cases. Sauce v. Bussell, 298 So.2d 832 (La. 1974). We find the trial court's ruling well within this discretion, particularly since the wife was free to assert her rights to permanent alimony without amendment of her answer to the divorce petition, and the husband was clearly entitled to the divorce under the pleadings before the court.
While we do not find the trial court's refusal to grant the wife a continuance to be an abuse of discretion, we also do not find her request for review of the matter unreasonable under the circumstances. Although the delay occasioned by this appeal may well have been to the wife's advantage, we cannot say her position is so devoid of merit as to entitle the husband to damages for frivolous appeal.
For the foregoing reasons, the motion to dismiss is denied and the judgment is affirmed at appellant's cost.
NOTES
[1] This opinion deals only with the issues presented by the appeal of one April 27, 1979, judgment. Final disposition of the husband's application for supervisory writs is contained in a separate opinion.