430 So.2d 370 (1983)
Vivian Linda SCHEPPF, Plaintiff-Appellee,
v.
Paul D. SCHEPPF, Defendant-Appellant.
No. 82-778.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*371 Paul O. Scheppf, in pro. per.
Griffing, Humble & Johnson, George Griffing, Jonesville, for plaintiff-appellee.
Before FORET, CUTRER and DOUCET, JJ.
FORET, Judge.
Paul D. Scheppf (defendant) appeals from the trial court's judgment granting Vivian Linda Scheppf (plaintiff) a divorce "a vinculo matrimonii" between the parties. We affirm.
Defendant raises the following issues on appeal:
(1) Whether LSA-C.C. Article 139 is unconstitutional because it allegedly violates the constitutional principle of "separation of church and state";
(2) Whether the trial court correctly found that plaintiff was entitled to a divorce based on the grounds set forth in LSA-C.C. Article 139;
(3) Whether an incarcerated spouse has the right to conduct discovery;
(4) Whether an incarcerated spouse has a right to a court appointed attorney to represent him in divorce proceedings; and,
(5) Whether an incarcerated spouse has the right to a copy of the transcript of proceedings conducted in a trial court for purposes of preparing an appeal from any judgment rendered therein.

FACTS
Plaintiff instituted this action for divorce based on the grounds that defendant had been convicted of a felony, and sentenced to imprisonment at hard labor. On February 27, 1980, defendant was sentenced to eighteen years at hard labor with the Department *372 of Corrections after entering a plea of guilty to the crime of manslaughter.

CONSTITUTIONALITY OF LSA-C.C. Article 139[1]
Defendant contends that LSA-C.C. Article 139 is unconstitutional because the article violates the constitutional principle of separation of church and state, as embodied in the First Amendment to the U.S. Constitution, and Article 1, § 8 of the Louisiana Constitution of 1974. We find no merit in this argument. The principle that any state, including the State of Louisiana, has the power to determine the status of its inhabitants, marital or otherwise, is too well-settled to require the citation of any supportive authorities.[2]
As stated in LSA-C.C. Article 86:
"The law considers marriage in no other view than as a civil contract."

CONVICTION VS. GUILTY PLEA
Defendant contends that the trial court erred in granting plaintiff a divorce under the provisions of LSA-C.C. Article 139, and argues that the word "conviction", as used in that article, means something other than the entry of a voluntary plea of guilty to the commission of a crime.
To entitle a spouse to an immediate divorce, the statute[3] requires only the "... conviction ... of a felony and his sentence to ... imprisonment at hard labor." (Emphasis added.) The conviction and sentencing alone are sufficient to provide the grounds for divorce, and the public policy underlying this ground for divorce is satisfied by this initial determination of guilt and sentencing. Nickels v. Nickels, 347 So.2d 510 (La.App. 2 Cir.1977).
It is our opinion that the entry of a guilty plea to the commission of a crime is tantamount to a conviction for the commission of that crime for purposes of LSA-C.C. Article 139. Thus, we find no merit in defendant's argument to the contrary.

RIGHT TO CONDUCT DISCOVERY
Defendant contends that the trial court denied him the right to conduct discovery. However, a review of the record shows that defendant's only attempt to conduct discovery was by means of a set of written interrogatories propounded to plaintiff. This set of written interrogatories was filed October 11, 1982, approximately two weeks after judgment had been rendered in favor of plaintiff in this action. Thus, there is no ruling of the trial court affecting defendant's right to conduct discovery for this Court to review.

VIOLATION OF DISTRICT COURT'S RULES
Defendant contends that the trial court (7th Judicial District Court) violated its own rules in fixing this case for trial, and in the manner it handled pre-trial motions. The only pre-trial motion filed in the record that had any direct connection with plaintiff's action was defendant's motion for a continuance, which was denied by the trial court. We have reviewed the rules of *373 the Seventh Judicial District Court and find that all of the rules were complied with by the trial court.

MOTION FOR A CONTINUANCE
Defendant contends that the trial court erred in denying his motion for a continuance, filed September 20, 1982, and styled, "MOTION TO RECONSIDER ORDER AND POSTPONE TRIAL". Defendant argues that the trial court violated Rule 10 of the "RULES OF THE SEVENTH JUDICIAL DISTRICT COURT", as he had good grounds for the granting of a continuance. We find no merit in defendant's argument.
Rule 10 reads as follows:
"A continuance may be granted in any case if there is good grounds therefor."
We note first of all that the rule is permissive. Further, it is well settled that the trial court has wide discretion in acting on a motion for continuance. Folds v. Red Arrow Towbar Sales Co., 378 So.2d 1054 (La. App. 2 Cir.1979); Sauce v. Bussell, 298 So.2d 832 (La.1974); Thurmon v. Thurmon, 377 So.2d 447 (La.App. 2 Cir.1979).
We have reviewed defendant's motion for a continuance and find that it fails to set forth good grounds for the granting thereof. We agree with the trial court's denial of defendant's motion.

DEFENDANT'S RIGHT TO COURT APPOINTED COUNSEL
Defendant contends that the trial court erred in failing to appoint counsel to represent him in these proceedings.
LSA-C.C.P. Article 5091 provides, in pertinent part, that:
"Art. 5091. Appointment; contradictory proceedings against attorney; improper designation immaterial
The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; or (b) an unemancipated minor or mental incompetent who has no legal representative, and who may be sued through an attorney at law appointed by the court to represent him;" (Emphasis ours.)
It is apparent that defendant must be considered a resident of this State as he is incarcerated in the Louisiana State Penitentiary at Angola. Further, LSA-C.C.P. Article 5251(1) provides that:
"Art. 5251. Words and terms defined
Except where the context clearly indicates otherwise, as used in this Code:
(1) "Absentee" means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown."
It is also apparent that defendant is no "absentee". The record shows that personal service of plaintiff's petition and citation was made upon defendant. The trial court correctly refused to appoint an attorney to represent defendant in this civil proceeding.

RIGHT TO A TRANSCRIPT OF THE TRIAL COURT'S PROCEEDINGS
Defendant first attempted to bring his appeal to the Court of Appeal, Second Circuit. The trial court denied defendant's motion to appeal to that Court on October 13, 1982, but granted defendant an appeal to this Court on that same date. On October 22, 1982, defendant filed, in the trial court, a "MOTION FOR LEAVE AND TO PROCEED IN FORMA PAUPERIS". Defendant's *374 order filed with that motion contains a request for, "... all trial transcripts of September 30, 1982, in civil action 14,122...". Defendant was referring to the action sub judice. The trial court denied defendant's motion noting that it had lost jurisdiction over this action under the provisions of LSA-C.C.P. Article 2088[4], and advising defendant that this Court was the proper place for the filing of such motions. The record shows that defendant filed no motions with this Court.
LSA-C.C.P. Article 5181 provides:
"Art. 5181. Privilege of litigating without prior payment of costs
An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.
Amended by Acts 1964, No. 336, § 1; Acts 1972, No. 663, § 1." (Emphasis ours.)
LSA-C.C.P. Article 5185 provides:
"Art. 5185. Rights of party permitted to litigate without payment of costs
When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;

(2) The right to the compulsory attendance of witnesses for the purpose of testifying, either in court or by deposition, without the payment of the fees, mileage, and other expenses allowed these witnesses by law;
(3) The right to a trial by jury and to the services of jurors, when allowed by law and applied for timely; and
(4) The right to a devolutive appeal, and to apply for supervisory writs.
He is not entitled to a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor.
No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter.
*375 Amended by Acts 1964, No. 4, § 1." (Emphasis ours.)
We are of the opinion that defendant waived his right to a free copy of the transcript, as provided for in LSA-C.C.P. Article 5185, when he failed to seek an order from this Court to provide him with such. Further, we have thoroughly reviewed the transcript of the trial court's proceedings contained in the record before us, and can find no evidence therein to support any of defendant's assignments of error. We find that defendant has suffered no prejudice as a result of his failure to receive a copy of the transcript.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] LSA-C.C. Article 139 provides:

"Art. 139. Grounds for divorce
Immediate divorce may be claimed receprocably [reciprocally] for one of the following causes:
1. Adultery on the part of the other spouse.
2. Conviction of the other spouse of a felony and his sentence to death or imprisonment at hard labor.
Divorce may be granted to either spouse after a separation from bed and board in accordance with the provisions of Section 302 of Title 9 of the Louisiana Revised Statutes of 1950.
Amended by Acts 1954, No. 618, § 1."
[2] Article VI of the Constitution of the United States provides, in pertinent part, that:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." (Emphasis ours.)
We believe this answers defendant's argument that plaintiff's action is governed by some higher (spiritual) authority.
[3] See Footnote 1.
[4] LSA-C.C.P. Article 2088 provides:

"Art. 2088. Divesting of jurisdiction of trial court
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code; or
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal. Amended by Acts 1964, No. 4, § 1; Acts 1968, No. 128, § 1; Acts 1977, No. 175, § 1, eff. Jan. 1, 1978."