467 So.2d 166 (1985)
Genevieve S. CLAY, Plaintiff-Appellee,
v.
Melvin P. CLAY, Sr., Defendant-Appellant.
No. 84-125.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Donald R. Jory, Jennings, for defendant-appellant.
Kenneth E. Badon, Lake Charles, for plaintiff-appellee.
Before GUIDRY, LABORDE and YELVERTON, JJ.
GUIDRY, Judge.
On January 14, 1977, plaintiff, Genevieve S. Clay, filed a rule nisi against defendant, Melvin P. Clay, Sr., from whom she was legally separated, seeking a judgment making all arrearages in past due alimony executory. On October 4, 1983, some six years after the filing of this rule, plaintiff, by way of an amended pleading, supplemented her original rule nisi by alleging that defendant could be served in Hidalgo County, Texas.[1] On October 26, 1983, defendant filed a motion seeking to continue the hearing of the rule, which was fixed for November 3, 1983, urging that plaintiff was not entitled to alimony because she and defendant were never legally married since her Texas divorce from a previous husband, George Fruge, was invalid. Defendant urged, in his motion for continuance, that *167 he did not have sufficient time to prepare his defense in this matter by the fixed hearing date. Defendant's motion for a continuance was likewise fixed for hearing on November 3, 1983.
At the hearing of these matters, the trial court denied defendant's motion for continuance. Plaintiff's past due alimony claim was taken under advisement and, on November 23, 1983, the trial court rendered judgment in favor of plaintiff in the amount of $11,700.00. Defendant appeals.
The sole issue presented on appeal is whether the trial court erred in denying defendant's motion for continuance.
It is well settled that the trial court has wide latitude in acting on a motion for continuance, and this ruling will not be disturbed absent a clear showing of an abuse of discretion. Scheppf v. Scheppf, 430 So.2d 370 (La.App. 3rd Cir.1983); Thurmon v. Thurmon, 377 So.2d 447 (La. App. 2nd Cir.1979).
In the instant case, defendant sought to have the rule for past due alimony continued in order to allow him sufficient time to prepare a defense to the past due alimony rule, i.e., the asserted absolute nullity of his marriage to plaintiff. Defendant did not file any pleading setting forth these allegations. Defendant simply asked the trial court to grant him a continuance based upon his stated intention of later filing pleadings attacking the validity of his marriage to plaintiff. Defendant had approximately three weeks from service of the amended petition to file pleadings setting forth his allegations. Counsel for defendant conceded at the hearing of this matter that there was no problem with pleading these allegations but that time was needed to prepare the evidence necessary to substantiate them. Inasmuch as defendant had sufficient time to properly plead these allegations before the trial court and failed to do so, we cannot say that the trial court abused its much discretion in denying defendant's motion for a continuance. The mere possibility of a future nullity action which has not been pleaded and which may never be filed is insufficient grounds for a continuance in an ongoing proceeding, particularly one which has already been delayed for some six years.
Our decision in this case does not preclude defendant from properly pursuing his claim that his marriage to plaintiff is an absolute nullity. We do observe, however, as stated in Wilson v. Calvin, 221 La. 451, 59 So.2d 451 (1952), that:
"There is a strong public policy against disturbing or declaring invalid a judgment of divorce, especially after a long period of time where the marital status of innocent parties who relied on the validity of that judgment would be disturbed, and more particularly where a decree would render innocent parties guilty of bigamy and cast a cloud on the legitimacy of their children. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860; Rouse v. Rouse, 219 La. 1065, 1073, 55 So.2d 246; Hester v. Hester, 103 Miss. 13, 60 So. 6; Stanley v. Stanley, 201 Miss. 545, 29 So.2d 641. See Jacobs, Attack on Decrees of Divorce by Second Spouses, 15 N.C.L.Rev. 136."
Accordingly, the judgment of the trial court is affirmed at defendant's cost.
AFFIRMED.
NOTES
[1] It appears that plaintiff's efforts to locate and serve defendant prior to this time were unsuccessful.