COOKS, Judge.
On appeal, Mrs. Borel questions the trial court’s divorce judgment granted pursuant to Louisiana Civil Code Article 102. She urges the judgment is proeedurally defective for two reasons: First, she complains that all the issues raised in the pleadings were not joined. Second, she contends her motion for continuance filed two days before the hearing should have been granted. While she attacks the judgment from a procedural vantage point, the backdrop of her assignments are laced with a persistent plea for equity and justice. Chronologically, she walks this court through the pleadings noting the repeated continuances granted in the case and the lower court’s alleged failure to expeditiously entertain an appeal taken from a hearing officer’s recommendation concerning the amount of alimony pendente lite to which she is entitled.[1] As a consequence, Mrs. Borel asserts she has been placed in an unfair position because in effect the court’s failure to enter a formal pendente lite judgment deprives her of an alleged right, during the pendency of this appeal, to receive continued alimony payments. She points out that other similarly situated spouses file sus-pensive appeals with this court following formal rendition of divorce judgments; and, as a result, their alimony pendente lite payments are extended beyond the cutoff period which ordinarily ends on the date of divorce. She contends this alleged disparity in treatment persisted when the trial judge refused her request for a continuance or to fix permanent alimony payments at the scheduled show cause hearing. We disagree with these contentions and affirm the judgment.
PROCEDURAL HISTORY
On March 13, 1992, Mr. Borel filed a petition for divorce pursuant to Louisiana Civil Code Article 102. Mrs. Borel answered the suit and filed a reconventional demand for, among other things, a divorce based on the same provision and alimony pendente lite. A hearing on the alimony issue was fixed for April 14, 1992. The record does not reflect why this hearing was continued to May 18, 1992. However, the subsequent fixing (on motion of Mrs. Borel’s counsel) was continued to June 4, 1992. On this date a hearing officer recommended that Mr. Borel pay monthly alimony pendente lite to Mrs. Borel in the amount of Eight Hundred and Eighty Dollars ($880.00). Apparently, this recommendation was rejected. Mrs. Borel then motioned the court to conduct a hearing on the alimony issue which was fixed for July 21, 1992. Again, the record does not reflect why the scheduled hearing did not take place; but it was refixed for September 24, 1992. Unable to attend because of a conflict in schedule, Mr. Borel’s attorney requested a continuance with opposing counsel’s approval. Next, Mr. Borel initiated a rule for judgment of divorce praying that Mrs. Borel show cause why the 102 divorce should not be granted. This rule was assigned for hearing on October 15, 1992. Two days before the hearing, Mrs. Borel requested a continuance for medical reasons and filed a second motion seeking to fix for hearing on the same date the alimony pendente lite matter. According to the record both motions were granted by the trial judge. One day before the scheduled hearing, she also filed a supplemental and amending petition alleging Mr. Borel committed adultery.
Although the record contains a signed order purporting to continue the show cause hearing fixed for October 15th, the 102 divorce motion was heard on this date. Mrs. Borel’s counsel initially sought to introduce, at the hearing, a note from Mrs. Borel’s treating physician showing she was ill and required to keep an appointment on the same date at the physician’s office. Apparently, the trial judge proceeded with the hearing noting the pleadings did not present a defense to the 102 divorce action. However, he granted Mrs. Borel’s request for continuance *1282 on the other pending issues. The judgment specifically recites “all rights, if any, to all incidental matters presently pending, including, but not limited to, any claims for permanent alimony or increases in any alimony pendente lite, and partitioning of community property are herein reserved.”
On November 3, 1992, Mrs. Borel filed a rule for permanent alimony which was set for November 17, 1992. On the same date, she suspensively appealed the divorce judgment. As evidenced by Exhibit B attached to Mrs. Borel’s brief, a hearing on the matters continued from October 16,1992 were heard and judgment was entered on January 29, 1993 awarding her alimony pendente lite effective from the date the reconventional petition was filed. This judgment states:
“with regard to the Rule for Permanent Alimony, no award of permanent alimony will be made at this time since the Judgment of Divorce is currently under a Sus-pensive Appeal. Therefore Temporary Alimony shall continue herein until further orders of the Court in the amount of $880.00 per month." (Emphasis Added.)
LAW AND ANALYSIS
Appellant expended considerable energy in brief arguing, if the judgment is allowed to stand, Mrs. Borel will suffer financially from the loss of alimony pendente lite payments during the pendency of this appeal. She contends this loss is not ordinarily experienced by other spouses who obtain judgments fixing such payments prior to the granting of a 102 divorce. Her plea for equal justice quickly dims on review of the January judgment which specifically fixes and reinstates Mrs. Borel’s alimony pendente lite payments until further orders of the court. While the 102 judgment of divorce normally terminates alimony pendente lite payments from the date of its finality, the later judgment entered in this case (in part) is “prospective” in effect and maintainable until “further” future orders of the court. We interpret the judgment as granting alimony pendente lite during the pendency of this appeal and reserving the fixing of permanent alimony until the matter is finally resolved.
Further, we reject Mrs. Borel’s argument that the trial judge committed a second injustice by not awarding permanent alimony while awaiting our review. Mrs. Borel filed a petition requesting a suspensive appeal from the 102 divorce judgment and “the effects of said judgment.” Although Mrs. Borel is entitled to receive alimony pendente lite payments as a result of the second judgment mentioned, we specifically find her equity and justice arguments totally without merit. Additionally, we take opportunity to caution litigants, desiring to merely prolong their alimony pendente lite payments, that deliberate manipulation of our procedural law is not favored. If continued, such future practice may give rise to valid claims for frivolous appeal damages. Filing belated supplemental and amending pleadings, followed by an appeal to this court, motivated by the desire to delay final entry of a 102 divorce solely to preserve alimony pendente lite payments comes very close to abusing the judicial process.
Furthermore, we are not persuaded by Mrs. Borel’s argument that the trial judge lacked authority to grant a 102 divorce in this case without first determining “fault” or considering her supplemental “adultery” allegation. As a result of this filing, she asserts all the issues were not joined on the day of the hearing. Louisiana Code of Civil Procedure clearly provides:

ARTICLE 1151

“A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Article 932 through 934. A defendant may amend his answer once "without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

ARTICLE 1155

“The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since *1283 the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.”
The delays for filing supplemental and amending petitions without leave of court elapsed. We have carefully reviewed the record for an order granting Mrs. Borel leave to file her supplemental and amending petition. No order was found. The trial judge did not abuse his discretion in refusing to consider a 103 claim for divorce raised for the first time one day prior to hearing. The ground alleged in the supplemental pleading was not properly “put before” him for consideration. Even if Mrs. Borel had secured leave of court to file this late submission, her amended attempt to convert and delay the 102 divorce proceeding to an action under article 103 would not meet with greater success.
Louisiana Civil Code Article 102 states:
“A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously since the filing of the petition.”
The only defense to such an action for divorce is reconciliation during the six month delay period. See La.C.C. Article 104. Absent this occurrence, the word “shall” as used in article 102 is mandatory and requires the trial court to grant a divorce upon proof that 180 days have elapsed since the date of original separation. Champion v. Champion, 618 So.2d 1181 (La.App. 3rd Cir.1993); Watters v. Watters, 607 So.2d 948 (La.App. 4th Cir.1992), writ denied 610 So.2d 819 (La.1993). As noted in the official revision comments to this article the petition for divorce pursuant to article 102 “need not allege marital breakdown, fault on the part of the other spouse, living separate and apart for a period of time, or any other basis for the plaintiffs demand.” The article does not require the fifing of an answer to the petition nor -prior resolution of all the ancillary or reeonventional claims raised by the other spouse. Its effects take place, automatically, by operation of law (absent reconciliation) on proof by the moving spouse that the delay period expired. See La.C.C.P. Article 3952.
The fifing of supplemental pleadings asserting new grounds for divorce under article 103 do not present a “joinder” dilemma warranting delay of the show cause hearing. In Daigle v. Daigle, 619 So.2d 645 (La.App. 3rd Cir.1993), we said “it is clear from the language of Article 102 and its procedural rules that after a petition for a divorce is filed, issue is joined by the filing of a motion (rule to show cause) for a divorce by either party.” This motion triggers the trial court’s discretion on allowing subsequent amendment of the pleadings. As noted, Mrs. Borel did not obtain leave of court to file her supplemental pleading. The official comments to C.C.P article 3955 affirms that one party to a divorce may not file for divorce, dismiss his or her petition (or in this case amend the grounds) and thereby prevent the other spouse from filing the motion for final judgment or perfecting the 102 divorce. Exercising his discretion, the trial judge may elect to forego hearing all incidental matters, including “fault” issues, left unresolved on the day of the show cause hearing invoked pursuant to La.C.C. article 102. Determination of these incidental matters may occur “thereafter” on motion of either spouse as provided by Louisiana Civil Code Article 105.
Next, Mrs. Borel complains the courts have judicially “done away with the Legislative intent of allowing divorces to be granted on the grounds of adultery.” At first blush, her contention may spark interest. On closer review, however, we dismiss the argument as an another attempt to hide her confessed purpose for fifing the supplemental pleading. Examination of the record and Mrs. Borel’s brief on appeal patently reveal her real motive was to delay the proceedings to secure a formal alimony pendente lite judgment and continue these payments beyond the normal cutoff period by fifing this appeal. Articles 102 and 103 are not in conflict. Rather, they are designed to end, without waste of judicial time, marital relationships. Article 103(2 & 3) provide the shortest time to perfect a divorce as an alternative to waiting the requi *1284 site six month period mandated by article 102. The grounds for divorce, apart from living separate for six months, under article 103 are limited to two occurrences: The commission of adultery or a felony. The legislature, representing our collective will, obviously deemed these instances more serious thereby warranting immediate termination of the marriage, without further reflection or a greater “cooling off’ period. Recent attempts to artificially manufacture a “hiatus” in the law through the filing of late pleadings solely to extend alimony pendente lite payments present a problem which must be corrected not by reliance on principles of equity; but by reference to existing law and jurisprudence. The courts, presently, possess authority to curb apparent abuses of process by imposing sanctions at the trial level or allowing damages for frivolous appeals.
Mrs. Borel’s contention that the trial court erred in not granting her motion for continuance is equally meritless. It is well settled that the trial court has great latitude in acting on a motion for continuance, and such rulings will not be disturbed on appeal absent a showing of abuse of discretion. Clay v. Clay, 467 So.2d 166 (La.App. 3rd Cir.1985); Scheppf v. Scheppf, 430 So.2d 370 (La.App. 3rd Cir.1983). While we note the record contains an order which appears to continue the rule to show cause on motion of Mrs. Borel, she does not assign in brief that the trial judge erred by virtue of this order in proceeding with the hearing. From reading the transcript of the hearing, we conclude the ex parte continuance signed by the trial judge two days before hearing was at some point orally modified or rescinded. Mrs. Bo-rel’s trial counsel was allowed to reurge and argue the motion for continuance at the hearing. The trial judge did not abuse his discretion by allowing Mr. Borel to present proof that the statutory conditions for a 102 divorce had been met. Mrs. Borel does not urge on appeal that she had a defense to the rule to show cause i.e. that the parties had not in fact lived separate and apart for the requisite 180 day period. Moreover, we cannot say Mrs. BOrel’s presence would have prevented the trial judge from issuing a 102 judgment of divorce under the circumstances. As discussed, her right to litigate the remaining incidental issues was specifically reserved in the judgment of divorce; and existed even without further mention as provided in La.Civil Code Article 105.
For the above reasons, the judgment of the trial court granting Joseph Daniel Borel a divorce under Louisiana Civil Code Article 102 is affirmed. All costs on appeal are assessed to Irble Irene Borel.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
THIBODEAUX, J., concurs for the reasons assigned by GUIDRY, J.

. The record contains only one formal request for continuance filed by Mr. Borel. The other ' requests were made by Mrs. Borel, through motions submitted by her attorney, or the fixings were passed without explanation in the record.