WATKINS, Judge.
This matter is before us on remand from the Louisiana Supreme Court for argument and an opinion. The instant application for supervisory writs was filed by Mr. Emerson Calvitt Newman from a ruling of the trial court partially denying his exception of lis pendens in a divorce proceeding filed by Mrs. Katie Herrington Newman in East Baton Rouge Parish, Louisiana, on April 8, 1996.
The parties were married in November of 1994, and established their matrimonial domicile in St. Helena Parish until they separated in March of 1995. Mr. Newman filed for divorce under LSA-C.C. art. 102 in St. Helena Parish on April 3, 1996. No incidental matters were raised in his petition. On April 8, 1996, Mrs. Newman filed the instant suit in East Baton Rouge Parish, alleging domicile in East Baton Rouge Parish, and raising several incidental matters, including temporary restraining orders, preliminary injunctions, alimony pendente lite, use of a community property vehicle, and use of four specific community property furnishings. Thereafter, on April 30, 1996, Mr. Newman filed a rule for protective order in St. Helena Parish, seeking to restrain and enjoin Mrs. Newman from disposing of or encumbering any of the community property, and from harassing him. He also filed an exception of lis pen-dens in the East Baton Rouge Parish suit.
The motion for protective order was heard on May 10, 1996, and the trial court granted the order, enjoining Mrs. Newman from “disposing, encumbering, or alienating any community property,” and issued a show cause order regarding the harassment of Mr. Newman. On May 14, 1996, a hearing on the exception of lis pendens was held. The trial court overruled the exception of lis pendens as to the Article 102 divorce, granted the exception as to “those incidental actions con *744 tained in the St. Helena Parish ... judgment dated May 10, 1996,” and denied the exception as to the other incidental matters. Mr. Newman filed a supervisory writ for review of the ruling of the trial court on his exception. On original hearing we granted the writ, stating:
That portion of the trial court’s ruling of May 14, 1996, denying the exception of lis pendens as to incidental matters is re-. versed, and the exception of lis pendens as to all incidental actions is hereby granted in relator’s favor. Since the St. Helena suit was the first one filed, all matters incidental to divorce must be raised in that suit.
^Thereafter, Mrs. Newman applied for a supervisory writ of review to the Louisiana Supreme Court, which writ was granted, ordering the case remanded to this court for briefing, argument, and an opinion.
The central issue before us is whether the Article 102 divorce action filed by Mr. Newman results in lis pendens for any incidental matters filed in a subsequent Article 102 divorce by Mrs. Newman, where no similar incidental matters were filed in Mr. Newman’s suit.
Because of the recent changes in the law of res judicata, and the subsequent amendments to the Louisiana Civil Code of Procedure articles regulating lis pendens and divorce procedure, the resolution of this issue requires analysis of the following articles and statutes:
LSA-C.C.P. art. 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
LSA-C.C.P. art. 3955 provides:
The defendant spouse in an action filed under Civil Code Article 102 may file a petition for divorce in the same or another court of competent jurisdiction and venue.
The declinatory exception of lis pendens is not applicable to an action for divorce brought under Civil Code Article 102. The declinatory exception of lis pendens is applicable to matters incidental to divorce. LSAC.C.P. art. 425 provides:
A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
B. Paragraph A of this Article shall not apply to an action for divorce under Civil Code Article 102 or 103, an action for determination of incidental matters under Civil Code Article 105, an action for contributions to a spouse’s education or training under Civil Code Article 121, and an action for partition of community property and settlement of claims between spouses under R.S. 9:2801.
LSA-C.C.P. art. 1061 provides:
A. The defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of eonnexity between the principal and recon-ventional demands.
|4B. The defendant in the principal action, except in an action for divorce under Civil Code Article 102 or 103, shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.
LSA-R.S. 13:4231 Res judicata, provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
*745 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
LSA-R.S. 13:4232 B. provides:
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse’s education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
According to LSA-C.C.P. art. 531, when two or more suits are pending in Louisiana courts “on the same transaction or occurrence, between the same parties in the same .capacities,” the defendant may have all but the first suit dismissed by filing the exception of lis pendens.[1] However, LSA-C.C.P. art. 3955 provides that the exception of lis pen-dens is not applicable to an action for divorce brought under LSA-C.C.art.102[2] but is applicable to matters incidental to divorce. Thus the question is whether the incidental matters filed in Mrs. Newman’s suit are based “on the same transaction or occurrence” as the Article 102|saction filed by Mr. Newman. Prior to the amendment of the laws of res judicata and lis pendens, the courts addressed issues of lis pendens by inquiring whether a final judgment in the former suit would be res judicata in the later suit. State ex rel. Marston v. Marston, 223 La. 1046, 1054, 67 So.2d 587, 589 (1953). Because the amendments to the articles regulating lis pendens clearly reflect that they were made to conform to the new law of res judicata, we will employ the same inquiry. Will a judgment in Mr. Newman’s suit bar an action for the incidental matters asserted by Mrs. Newman?
According to LSA-C.C.P. art. 425, a party is not required to assert all causes of action arising out of the transaction or occurrence if the action is one for determination of incidental matters to divorce under LSA-C.C. art. 105.[3] Nor is the defendant in an Article 102 action required to assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action. See LSA-C.C.P. art. 1061. Furthermore, LSA-R.S. 13:4232 provides that in an action for determination of incidental matters under LSA-C.C. art. 105, the judgment has the effect of res judicata only as to causes of action actually adjudicated.[4] It is clear from a reading *746 of these articles and statutes that a judgment in Mr. Newman’s suit would not be res judi-cata as to the incidental matters asserted by Mrs. Newman.[5]
Even if we did not consider the res judica-ta effect of the incidental matters filed by Mrs. Newman, we would still find that lis pendens would not apply to the incidental actions brought by Mrs. Newman. Although the incidental actions filed by Mrs. Newman are matters incidental to the divorce action and arise out of the “occurrence” of the divorce, we believe that the sui generis nature of the Article 102 divorce (i.e. the mere passage of 180 days), and | (¡the fact that no similar incidental matters[6] were filed in Mr. Newman’s suit foreclose the use of lis pen-dens as to the incidental matters filed by Mrs. Newman.
For the reasons set forth, we vacate our original decision in this matter and affirm the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
•AFFIRMED.
GONZALES, J., concurs and assigns reasons.
KUHN, J., dissents and assigns reasons.

. Prior to its amendment by 1990 La. Acts No. 521, § 2, Article 531 required an identity of "cause of action” in two suits in order for lis pendens to apply to the second suit. Accordingly, a suit for divorce based upon adultery and a suit for divorce based on living separate and apart for one year were not suits on the same cause of action, and lis pendens did not apply. See Lamb v. Lamb, 411 So.2d 1 (La.1982). However, the broader "transaction or occurrence” test, intended to promote judicial economy, has proven to be a much more illusive test.

. This exception for a divorce filed under LSA-C.C. art. 102 was adopted to prevent the plaintiff spouse from filing an Article 102 action, dismissing a subsequent Article 102 action filed by the defendant spouse on the basis of lis pendens, and then dismissing his own action before the expiration of the 180 day delay so that the defendant spouse could not file a motion for a judgment of divorce based upon the plaintiff's petition for divorce.

. The 1991 comments to LSA-C.C.P. art. 425 point out that "[pjaragraph B IS added TO THIS Article in order to make it clear that a party to a divorce action is not required to raise the actions commonly associated with divorce actions, such as claims for spousal and child support, in the divorce action itself. Such claims historically have been assertable after the divorce action has been concluded by judgment, and the added phrase makes it clear that this Article does not change the law in that respect.” (Emphasis added.)

. The concern for the application of the broad “transaction or occurrence” test of res judicata in divorce actions prompted the addition of Sub *746 section B to LSA-R.S. 13:4232 limiting the effect of res judicata in divorce actions to only those causes of action actually adjudicated.

. We further note that LSA-C.C.P. art. 74.2 allows a party to file incidental custody and support matters in a parish other than the parish in which the suit for divorce was first filed.

. Although Mr. Newman filed for a protective order seeking to restrain and enjoin Mrs. Newman from disposing of or encumbering any of the community property and from harassing him, this action does not trigger the exception of lis pendens as to the incidental matters filed by Mrs. Newman. As explain earlier, a judgment on the motion for protective order would not be res judicata as to the incidental matters filed by Mrs. Newman. Furthermore, the incidental matters filed by Mrs. Newman do not arise out of the same transaction or occurrence underlying Mr. Newman's motion for protective order. Although Mrs. Newman also sought a protective order on identical grounds against Mr. Newman, it did not arise out of the same transaction or occurrence, because it was based upon the conduct of Mr. Newman and sought to protect Mrs. Newman.