LMARION F. EDWARDS, Judge.
Defendant, Sandra Lombardo D’Angelo, appeals the trial court ruling which failed to grant her declinatory exception of improper venue in a divorce proceeding. For the following reasons, the judgment of the trial court is affirmed.
FACTS AND PROCEDURAL HISTORY
This appeal stems from an action for divorce. Appellant, Sandra Lombardo D’Angelo and Appellee, Barry Jude D’Angelo, were married on August 8, 1963 and resided in Jefferson Parish until 1990. Prior to their final separation, the D’Ange-los acquired two properties/residences in St. Tammany Parish and one in the State of Mississippi.
Barry D’Angelo filed a petition for divorce on March 27, 2003 in Jefferson Parish in which he stated that his residence was located at 3116 Beaulieu Street in Metairie. On April 2, 2004 Sandra D’Angelo filed an answer and declinatory exception of improper venue, alleging that Barry D’Angelo’s true domicile was in St. Tammany Parish.
Trial on the exception of improper venue was held on June 22, 2004. By judgment dated July 14, 2004 the trial court denied Sandra D’Angelo’s exception. Sandra D’Angelo timely filed the present appeal.
laLAW AND ANALYSIS
On appeal, Sandra D’Angelo asserts that the trial court erred in finding that the evidence established that Jefferson Parish was Barry D’Angelo’s true domicile at the time that his divorce petition was filed.
Inasmuch as this appeal turns on factual determinations by the trial judge, we must review the record using the manifest error-clearly wrong standard of appellate review. That standard was recently reviewed by our supreme court in Cenac v. Public Access Water Rights Assn.,[1]
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court’s finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide if it would have found the facts of the case differently, the reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221.
In the case of McCreary Enterprises, L.L.C. v. Hemmans,[2] this Court discussed *609 what considerations the court should take into account when inquiring into a person’s domicile:
The intention to acquire a domicile is most often indicated by the type of relationship a person maintains with a location. Each case is unique and the court must attempt to arrive at the tine intent of the parties, whether expressed or implied. Whenever a person has acquired a residence and it is his or her only obvious place of residence, it is presumed to be his or her domicile. Maintaining some ties with one’s former domicile when not actually having a place to reside will not overcome that presumption. In re Kennedy, 857 So.2d 905, (La.App. 2nd Cir.1978). See also In re Orso, (Bkrtey.M.D.La.1998), 219 B.R. 402.
“Domicile” is technically defined as the relation which the law creates between an individual and a particular locality or country, and is the legal conception of home, being derived from the Latin “domus”, meaning a home or dwelling, and is synonymous with |4“home”; in a strict legal sense, the domicile of a person is the place where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning. Shreveport Long Leaf Lumber Co. v. Wilson, 38 F.Supp. 629 (W.D.La.1941).
The Supreme Court recently addressed the issue of domicile in Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048. In that case domicile was raised in the content of an election dispute and the courts had to determine which of the two residences was the primary residence. In that case Dr. Goldsby, a candidate for elected office, had two residences, one inside the electoral district and one outside of the electoral district. The Supreme- Court reaffirmed prior jurisprudence and held absent a written declaration to change domicile, proof of intention depends on circumstances, and there is a presumption against change of domicile.
In the present case, the trial court noted in its Reasons For Judgment:
The plaintiff has used the address of 3316 Beaulieu Street, Metairie, Louisiana as the address on his Louisiana driver’s license, his voter’s registration and his mailing address for a number of years. The Court certainly has some doubt as to Mr. D’Angelo’s domiciliary status at that address for the entire time that he has used the address as his mailing address. However, based upon the testimony of the witnesses, the exhibits admitted into evidence and judging the credibility of the witnesses, the Court found that the plaintiff, Barry Jude D’Angelo, had established his domicile in the Parish of Jefferson. The Court was particularly impressed with the testimony of Cleda D’Angelo, the plaintiffs ninety year old mother, who testified that her son had come to live with her when she (meaning defendant Sandra D’Angelo) put him out.
As no written declaration to change domicile exists in this case, the trial court was required to ascertain proof of intention based on circumstances. The record in this case reveals the following:
It is not contested that the D’Angelos never resided as a couple at the 3116 Beaulieu Street address in Metairie. The address is, in fact, that of Barry D’Angelo’s mother and brother. The title, to the property at that address is in the name of Mr. D’Angelo’s brother, Erold D’Angelo.
Sandra D’Angelo refers to several portions of testimony in the record that she claims establishes that Barry D’Angelo’s true domicile is not in Jefferson ^Parish. *610 First, she relies on her own testimony at trial during which she claimed that Mr. D’Angelo actually resided at a property on Howse Beach Road in Slidell, which is in St. Tammany Parish. Mr. D’Angelo testified, however, that since 2000, when he and Ms. D’Angelo underwent regular periods of separation, he took his estranged wife’s advice to go “home to his mama’s,” which is the Beaulieu address. Ms. D’Angelo counters that at trial Mr. D’Angelo could not testify that he spent more than 50% of his time at the Beaulieu address between the separation in 2002 and the time his petition was filed in March of 2003.
Ms. D’Angelo further relies on the testimony of the couple’s adult daughter, Sherry Bohnenstiehl, who stated that in April and May of 2003, her father was living in Slidell, and, when the Slidell property was rented, he would either sleep in a Winnebago, go to Mississippi, or stay at his girlfriend’s house “somewhere in Eden Isles.” The full text of Bohnenstiehl’s testimony, however, was that she, her husband, and Ms. D’Angelo vacated the property, which is a fishing camp, on February 22, 2003, and that Mr. D’Angelo lived there only a short while to do repairs to the camp until it had been rented out.
Ms. D’Angelo states that Mr. D’Angelo could not show at trial that he had a room at the Beaulieu St. residence, and that the testimony of Erold D’Angelo established that Mr. D’Angelo only had a few pieces of clothing at that address, and, furthermore, that Mr. D’Angelo mostly slept on a lounge chair while he is there. The record shows, however, that Erold D’Angelo also stated at trial that Mr. D’Angelo had 24 hour a day access to the Beaulieu St. residence, assists with mortgage payments, returns there after work, and stays there when his Slidell property was rented.
In the testimony that the court found particularly persuasive, Mr. D’Angelo’s mother, Cleda, testified that Mr. D’Angelo had resided with her since |fithe time that he had separated from Ms. D’Angelo, although she could not provide specific details.
Finally, Ms. D’Angelo attacks the credibility of the documents relied upon by the trial court to establish domicile, namely D’Angelo’s driver’s license, voter registration card, and a declaration of domicile with the New Orleans Fire Department. In regard to these documents, Ms. D’Angelo asserts that Mr. D’Angelo admits that he was not, in fact, living in Jefferson Parish when he made those respective changes to his address. Mr. D’Angelo initially changed his driver’s license address to the Beaulieu residence in 1996, which he renewed in 2000. He changed his voter registration to Beaulieu in 1990, and made his declaration of domicile with the New Orleans Fire Department in 1995.
Ms. D’Angelo raised these exact arguments about the documentary evidence at the trial level, and the court, in turn, addressed them in its Reasons For Judgment.
The plaintiff has used the address of 3316 Beaulieu Street, Metairie, Louisiana as the address on his Louisiana driver’s license, his voter’s registration and his mailing address for a number of years. The Court certainly has some doubt as to Mr. D’Angelo’s domiciliary status at that address for the entire time that he has used the address as his mailing address.
The trial court further detailed, however, that it had arrived at its conclusion that Mr. D’Angelo had established domicile “based upon the testimony of the witnesses, the exhibits admitted into evidence and judging the credibility of the witnesses.”
*611 Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.[3] pWhere there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.[4]
Although it was established that Mr. D’Angelo had several options of places where he could stay, residence and domicile are not synonymous. As Louisiana courts have previously noted, a person can have several residences but only one domicile.[5]
Here, the trial judge was presented with two opposing versions of the events regarding Mr. D’Angelo’s domicile and was required to choose between them. We cannot say, on the evidence in the record, that the trial court was clearly wrong in finding Mr. D’Angelo’s version more credible.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. 02-2660, pp. 9-10 (La.6/27/03), 851 So.2d 1006, 1023.

. 01-626 La.App. 5 Cir. 11/14/01 (802 So.2d 807)

. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).

. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

. Autin v. Terrebonne, 612 So.2d 107, 108 (La.App. 1 Cir.), writ denied, 604 So.2d 954 (La.1992).