934 So.2d 119 (2006)
Sandra Lombardo D'ANGELO
v.
Barry Jude D'ANGELO.
No. 2005 CA 0553.
Court of Appeal of Louisiana, First Circuit.
March 29, 2006.
*120 Mark Alan Jolissaint, Slidell, Counsel for Plaintiff/Appellant Sandra Lombardo D'Angelo.
Raymond C. Burkart, Jr., New Orleans, Counsel for Defendant/Appellee Barry Jude D'Angelo.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
KUHN, J.
Plaintiff-appellant, Sandra Lombardo D'Angelo, appeals the trial court's judgment granting a declinatory exception raising the objection of lis pendens filed by defendant-appellee, Barry Jude D'Angelo. The judgment also transferred and consolidated her lawsuit with a suit previously filed by Barry D'Angelo in the Jefferson Parish district court and denied her request for a stay of the lis pendens proceeding. Barry D'Angelo answered the appeal, requesting damages for frivolous appeal. We affirm in part and reverse in part.

PROCEDURAL BACKGROUND
On March 27, 2003, Barry D'Angelo filed a petition for divorce in Jefferson Parish *121 (the Jefferson Parish suit). His petition requested, among other things, a full and final divorce under La. C.C. art. 103 or, alternatively, under La. C.C. art. 102; partition of the community; use and occupancy of immovable property located in Mississippi; that Sandra D'Angelo be given use and occupancy of immovable property located in Slidell, Louisiana; a finding that he is free from fault in the breakup of the marriage; and permission to remove his personal items from the former matrimonial residence. Sandra D'Angelo filed a declinatory exception raising the objection of improper venue, which was denied by the Jefferson Parish trial court. Sandra D'Angelo appealed that ruling, and the Fifth Circuit Court of Appeal affirmed. See D'Angelo v. D'Angelo, XXXX-XXXX (La. App. 5th Cir.4/26/05), 901 So.2d 607. On May 27, 2005, the fifth circuit denied Sandra D'Angelo's application for a rehearing.
Prior to the fifth circuit's affirmance of the Jefferson Parish trial court's ruling, Sandra D'Angelo filed a petition for divorce in St. Tammany Parish on April 16, 2004 (the St. Tammany Parish suit). Her petition requested, among other things, a divorce; a finding that Barry D'Angelo was at fault in the breakup of the marriage and, therefore, not entitled to spousal support; a finding that she was free from fault in the breakup of the marriage; interim and permanent spousal support; use and possession of immovable property located in Slidell, Louisiana; use and possession of movable community property in her possession; and injunctions prohibiting Barry D'Angelo from harassing her and from alienating and encumbering community property, specifically including his New Orleans Fire Department retirement benefits. By supplemental petition, Sandra D'Angelo requested that the parties' community be partitioned.
Barry D'Angelo filed declinatory exceptions raising objections of lis pendens and the lack of jurisdiction. The trial court granted the lis pendens exception, ordered that Sandra D'Angelo's petition be transferred and consolidated with the Jefferson Parish suit, and denied a request to stay the lis pendens proceeding requested by Sandra D'Angelo.[1] The St. Tammany Parish trial court signed a judgment in conformity with its determinations.
Sandra D'Angelo appeals urging that the trial court erred in granting the lis pendens exception for her action for determination of the incidental matters of injunctive relief, provisional use of community movables, and interim and permanent spousal support.[2] Barry D'Angelo answered the appeal, requesting damages for frivolous appeal.

*122 DISCUSSION
Louisiana Code of Civil Procedure article 531 addresses suits pending in Louisiana courts and states:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Because Barry D'Angelo has filed a declinatory exception of lis pendens under La. C.C.P. art. 925 as required by Article 531, the question before us is whether Sandra D'Angelo's action in the St. Tammany Parish suit for a determination of matters incidental to divorce is based "on the same transaction or occurrence" as those actions filed in the Jefferson Parish suit. To answer this question, we must determine whether a judgment in the Jefferson Parish suit will barby the doctrine of res judicataany of actions asserted in the St. Tammany Parish suit. Newman v. Newman, 96-1062, pp. 4-5 (La.App. 1st Cir.3/27/97), 691 So.2d 743, 745.
Louisiana Revised Statute 13:4231 sets forth the doctrine of res judicata and states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
But La. R.S. 13:4232 B provides for exceptions to the general rule of res judicata, stating:
In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
Louisiana Code of Civil Procedure art. 425, which puts the parties on notice that all causes of action arising out of the transaction or subject matter of the litigation must be raised, states:
A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
B. Paragraph A of this Article shall not apply to an action for divorce under Civil Code Article 102 or 103, an action for determination of incidental matters under Civil Code Article 105, an action for contributions to a spouse's education or training under Civil Code Article 121, and an action for partition of community *123 property and settlement of claims between spouses under R.S. 9:2801.
Under Article 425, a party is not required to assert all actions arising out of the transaction or occurrence if the action is one for determination of matters incidental to divorce, which includes requests for injunctive relief, use and possession of community movables, and spousal support. See Newman, 96-1062 at p. 5, 691 So.2d at 745.
According to La. C.C.P. art. 1061, which addresses compulsory reconventional demands:
A. The defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.
B. The defendant in the principal action, except in an action for divorce under Civil Code Article 102 or 103, shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.
Under an application of Article 1061 to the facts before us, all actions that Sandra D'Angelo may have arising out of the transactions or occurrences that are the subject matter of the Jefferson Parish suit are not compulsory reconventional demands that she was required to assert in the earlier-filed suit. See Newman, 96-1062 at p. 5, 691 So.2d at 745. Therefore, because Article 425 does not require her to assert in the Jefferson Parish suit the action for determinations of matters incidental to divorce, and Article 1061 does not mandate that she assert all actions arising out of the transactions or occurrences that are the subject matter of the Jefferson suit, as to the action for determination of matters incidental to divorce alleged in the St. Tammany Parish suit not asserted in the Jefferson suit, the exception of lis pendens is inapplicable.
Clearly, Sandra D'Angelo's request for injunctive relief prohibiting Barry D'Angelo from harassing her was not within the ambit of the facts pled in the Jefferson Parish divorce suit. And a judgment in the Jefferson suit would not be a resjudicata bar to a later-filed action for the injunctive relief. Thus, the St. Tammany Parish trial court erred in granting the exception of lis pendens for the action for determination of the incidental matter of injunctive relief prohibiting Barry D'Angelo from harassing Sandra D'Angelo, and that portion of the judgment is reversed.
Barry D'Angelo's Jefferson Parish petition for divorce expressly requested that the community be partitioned. Therefore, a judgment ordering Sandra D'Angelo's request for injunctive relief prohibiting Barry D'Angelo from alienating or encumbering movable and immovable property, including any retirement benefits he has with the New Orleans Fire Department, would be barred under the doctrine of res judicata by the earlier-filed Jefferson Parish suit if the property is included in the descriptive lists ordered in conjunction with the partition of the community asserted in the Jefferson Parish suit and to the extent that it was property actually partitioned. See La. R.S. 13:4231 & 4232 B. Accordingly, the St. Tammany Parish trial court correctly granted the lis pendens exception for Sandra D'Angelo's action for determination of the incidental matter of injunctive relief prohibiting Barry D'Angelo from alienating or encumbering community property.
Likewise, we find that the request for partition of the community asserted in the *124 Jefferson Parish suit necessarily encompasses Sandra D'Angelo's action for determination of the incidental matter of use and possession of community movables, including the 1997 Camry because this property would be among the items included in the descriptive lists the parties will file. Thus, a final judgment partitioning the community in the Jefferson Parish suit would bar Sandra D'Angelo's later-filed action for determination of the incidental matter of use and possession of community movables. The St. Tammany Parish trial court correctly included in its grant of the lis pendens exception Sandra D'Angelo's action for determination of the incidental matter of use and possession of community movables.
Barry D'Angelo's petition expressly requested a finding that he was free from fault in the break up of the marriage. Specifically, he pled:
Petitioner was a dutiful and faithful husband, never giving defendant any cause whatsoever to breach her marital vows....
Petitioner is free from fault in the breakup of the marriage.
Mindful that a final judgment shall grant the relief to which a party is entitled whether he has demanded such relief in his pleadings and even if he has failed to include a prayer for general or equitable relief, see La. C.C.P. art. 862, and that spousal support is awarded to a party free from fault, see La. C.C. art. 111, we conclude that the allegations contained in Barry D'Angelo's petition were sufficient to raise the issue of the parties' entitlement to spousal support. Although Barry D'Angelo did not expressly pray for a judgment awarding him spousal support, in this case there is no other purpose an allegation of his lack of fault can serve. By alleging facts about fault, the issue of Barry D'Angelo's entitlement to spousal support is an action included in the Jefferson Parish suit. And because a trial court renders but a single award to that spouse who is entitled to spousal support, a judgment in the Jefferson Parish suit would be a resjudicata bar to Sandra D'Angelo's later-filed action for a determination of the incidental matter of spousal support. As such, the St. Tammany Parish trial court correctly granted the lis pendens exception on Sandra D'Angelo's action for spousal support.
Accordingly, insofar as the trial court's grant of the lis pendens exception for determination of the incidental matter of injunctive relief prohibiting Barry D'Angelo from harassing Sandra D'Angelo, the St. Tammany Parish trial court erred, and that portion of the judgment is reversed. In all other respects, the St. Tammany Parish trial court correctly granted the lis pendens exception.
Sandra D'Angelo next asserts that the St. Tammany Parish trial court erred when it ordered the St. Tammany Parish suit transferred and consolidated with the Jefferson Parish suit. Under an application of La. C.C.P. art. 531, the trial court was permitted to dismiss the St. Tammany Parish suit as to those actions for which the lis pendens exception is applicable. Because in their pleadings filed in the St. Tammany Parish suit, the parties did not request an order transferring and consolidating it with the Jefferson Parish suit and La. C.C.P. art. 531 only permits dismissal of those actions for which the lis pendens exception applies, the order of transfer and consolidation in the St. Tammany Parish judgment is erroneous and reversed. Thus, all actions except for a determination of the incidental matter of injunctive relief prohibiting Barry D'Angelo from harassing Sandra D'Angelo are dismissed in the St. Tammany Parish suit.
Because Sandra D'Angelo successfully prosecuted her appeal of the grant of lis *125 pendens in part, Barry D'Angelo is not entitled to damages for frivolous appeal. See Juracovich v. St. Anne General Hosp., XXXX-XXXX, p. 6 (La.App. 1st Cir.6/10/05), 916 So.2d 264, 267. Accordingly, his request for relief filed in his answer to the appeal is denied.

DECREE
For these reasons, the St. Tammany Parish trial court judgment is reversed insofar as it grants the lis pendens exception for Sandra D'Angelo's action for determination of the incidental matter of injunctive relief prohibiting Barry D'Angelo from harassing her. That portion of the judgment granting the lis pendens exception is otherwise affirmed. The order transferring and consolidating the St. Tammany Parish suit with the Jefferson Parish suit is reversed. All actions except for the action for a determination of the incidental matter of injunctive relief prohibiting Barry D'Angelo from harassing Sandra D'Angelo are dismissed. Appeal costs are assessed one-half to Barry Jude D'Angelo and one-half to Sandra Lombardo D'Angelo.
AFFIRMED IN PART; REVERSED IN PART. ANSWER DENIED.
NOTES
[1] Sandra D'Angelo requested a stay of the lis pendens proceeding insofar as those actions that duplicated the relief requested by Barry D'Angelo in the Jefferson Parish suit until the ruling denying the exception of venue filed in the Jefferson Parish suit had become final and definitive. The St. Tammany Parish trial court denied her request. Although on appeal, Sandra D'Angelo asserts that the trial court erroneously denied the request for the stay, because the supreme court denied her writ application, see D'Angelo v. D'Angelo, XXXX-XXXX (La.1/9/06), 918 So.2d 1051, the venue ruling in the Jefferson Parish denying Sandra D'Angelo's exception of venue is final and definitive, thereby rendering moot her request for a stay in the St. Tammany Parish suit. See Suire v. Lafayette City-Parish Consol. Government, XXXX-XXXX, p. 24 (La.4/12/05), 907 So.2d 37, 55 (explaining that an issue is "moot" where "it has been deprived of practical significance and made abstract or purely academic"). Accordingly, the propriety of the St. Tammany Parish trial court's ruling on the request for a stay is not properly before us.
[2] On August 22, 2005, Barry D'Angelo's motion to dismiss Sandra D'Angelo's suspensive appeal was granted, and it is maintained as a devolutive appeal.