# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MERYL MCDOUGALD MADERE

VERSUS

ROCH MICHAEL MADERE

NO.   2019 CW 0567

**SEP 1 9 2019**

---

In Re:   Roch Michael Madere, applying for supervisory writs, 20th Judicial District Court, Parish of West Feliciana, No. 23383.

---

**BEFORE: WHIPPLE, C.J., GUIDRY AND CRAIN, JJ.**

**WRIT DENIED.**

**WJC**

**Whipple, C.J.,** concurs and would deny the writ application on the showing made.

**Guidry, J.,** dissents in part, concurs in part.  Although no evidence was submitted to support the relator's, Roch Michael Madere's, exception of lis pendens, the petition for divorce and determination of matters ancillary to divorce filed by Meryl McDougald Madere in this matter on November 13, 2018 alleges that the relator filed a petition for divorce pursuant to La. Civ. Code art. 102 and requested custody of the parties' minor children in St. Charles Parish on November 2, 2018. Accordingly, I would grant the writ in part, reverse the trial court's December 12, 2018 judgment denying the relator's exception of lis pendens as to Meryl McDougald Madere's causes of actions for divorce pursuant to La. Civ. Code art. 102 and custody of the minor children, and would dismiss those claims. See **D'Angelo v. D'Angelo**, 2005-0553 (La. App. 1st Cir. 3/29/06), 934 So.2d 119, 120, <u>writ denied</u>, 2006-0995 (La. 6/16/06), 929 So.2d 1293.  I concur with the denial of the writ as to the trial court's December 12, 2018 judgment denying the relator's exception of lis pendens as to Meryl McDougald Madere's causes of action for spousal support, partition of community property, use and occupancy of the former matrimonial domicile, use and possession of movable community property, injunctive relief prohibiting the relator from alienating or encumbering community property or terminating utility service or insurance on community property, and injunctive relief prohibiting the relator from harassing her, as there was no evidence admitted at the December 12, 2018 hearing on the exception to suggest that those claims were raised by the relator in the St. Charles Parish action.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT