**LESA G. GAMBLE**

**VERSUS**

**DENNY E. GAMBLE, JR.**

\*      NO. 2021-CA-0126

\*

     **COURT OF APPEAL**

\*      **FOURTH CIRCUIT**

\*

     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-04186, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Paula Hamilton Lee
Robert Charles Lowe
Melanie Lockett
LOWE, STEIN, HOFFMAN, ALLWEISS & HAUVER, L.L.P.
701 Poydras Street
One Shell Square, Suite 3600
New Orleans, LA 70139-7735

       COUNSEL FOR PLAINTIFF/APPELLANT

Frank Peter Tranchina, Jr.
Kevin Maney
TRANCHINA & MANSFIELD
321 East Kirkland Street
Covington, LA 70433

       COUNSEL FOR DEFENDANT/APPELLEE

       **REVERSED AND REMANDED**
       **December 1, 2021**

*RBW*

*JCL*

*PAB*

This matter stems from dual divorce petitions filed by the parties raising the legal issue of *lis pendens*. Plaintiff-Appellant sought an appeal from the trial court's grant of Defendant-Appellee's exception of *lis pendens* dismissing Plaintiff-Appellant's divorce petition.

For the reasons that follow, the ruling of the trial court is reversed and the case is remanded to the trial court for further proceedings.

## FACTUAL & PROCEDURAL HISTORY

On October 10, 2003, Plaintiff-Appellant, Lesa Gamble ("Ms. Gamble") and Defendant-Appellee, Denny Gamble ("Mr. Gamble") were married in Shreveport, LA.

On May 18, 2020, the parties physically separated.

1

On May 26, 2020, Mr. Gamble filed his original petition for divorce pursuant to La. C.C. art. 102 (hereinafter "Art. 102"), based on living separate and apart for three hundred and sixty-five (365) days, in his parish of domicile, Caddo Parish.[1] In the petition he made no specific demands but reserved his right to raise any future ancillary claims. Ms. Gamble was personally served with the petition on June 3, 2020.

Three (3) days later, on May 29, 2020, Ms. Gamble filed her original petition for divorce pursuant to Art. 102 in her parish of domicile, Orleans Parish. In the petition, Ms. Gamble requested partition of property and incidental relief including interim spousal support, final support, and use and occupancy of the jointly owned property located in Orleans Parish.

On June 18, 2020, Mr. Gamble filed a Supplemental and Amended Petition in Caddo Parish raising a new cause of action for divorce pursuant to La. C.C. art. 103(2) (hereinafter "Art. 103") based on adultery and requesting an immediate divorce.[2] There is no alternative prayer for a divorce under Art. 102.

On July 31, 2020, Ms. Gamble filed an exception of *lis pendens* in Caddo Parish. Ms. Gamble filed a second exception of *lis pendens* and exception of prematurity on October 5, 2020, in Caddo Parish. The exceptions were overruled

---

[1] Mr. Gamble's original petition for divorce was not formally entered into the trial court record but was attached as an exhibit in his brief filed with this Court; therefore, the information is as alleged in the uncertified copy of the petition.

[2] Mr. Gamble's amended petition was not formally entered into the trial court record but was attached as an exhibit in his brief filed with this Court; therefore, the information is as alleged in the uncertified copy of the petition.

on November 4, 2020. The Second Circuit upheld the ruling of the Caddo Parish trial court.

On August 25, 2020, Mr. Gamble filed an exception of *lis pendens* in Orleans Parish.

On September 17, 2020, Mr. Gamble filed a Second Supplemental and Amended Petition in Caddo Parish, raising affirmative defenses with respect to claims made by Ms. Gamble for interim and final support.

On October 16, 2020, Mr. Gamble filed a Third Supplemental and Amended Petition in Caddo Parish raising further defenses to Ms. Gamble's request for interim support.

On November 4, 2020, a hearing was held in the Orleans Civil District Court before the Hon. Omar Mason regarding Mr. Gamble's exception of *lis pendens*.

On December 10, 2020, the trial court sustained the exception, dismissed Ms. Gamble's case, including her incidental demands, and declined to transfer the request for spousal support to Caddo Parish.

On December 22, 2020, Ms. Gamble filed a motion for suspensive appeal, and the trial court granted the motion on January 12, 2021.

This appeal timely followed.[3]

## DISCUSSION

---

[3] At oral arguments, Mr. Gamble alleged Caddo Parish granted the divorce, with Ms. Gamble's approval, in the interim between the filing for suspensive appeal and oral arguments before this Court. We have not received any documentation on the record regarding this disposition. Because we are a court of record, we decline to consider evidence not properly introduced into the record. *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So. 2d 84, 88.

<u>**Assignments of Error**</u>

Ms. Gamble asserts the following assignments of error:

1. The trial court erred as a matter of law in sustaining the declinatory exception of *lis pendens* and dismissing Ms. Gamble's petition absent evidence establishing the claims made in exception.

2. The trial court erred as a matter of law in sustaining the declinatory exception of *lis pendens* and dismissing Ms. Gamble's petition.

3. Alternatively, the trial court erred in failing to transfer Ms. Gamble's claim for interim spousal support to the First Judicial District Court for Caddo Parish F.

For the reasons more fully explained herein-below, we will conduct an analysis of Ms. Gamble's assignments of error out of order, beginning with her second assignment of error.

<u>**Analysis**</u>

I.   <u>*Incidental Demands*</u>

In her second assignment of error, Ms. Gamble asserts the trial court erred in sustaining her exception of *lis pendens* as it relates to her petition for divorce and incidental demands, because she was the first to raise incidental demands. Ms. Gamble's divorce petition included claims for interim support, final support, property partition, and use and occupancy of homes co-owned by the parties. Mr. Gamble did not originally seek incidental demands in his first petition; but rather, requested them in his amended petition, after Ms. Gamble had filed her divorce petition and asserted incidental demands.

This Court need not determine whether Mr. Gamble's amended petition created a new cause of action because a party is not required to assert incidental

4

demands in the original petition for divorce. La. C.C.P. art. 425B; *D'Angelo v. D'Angelo*, 2005-0553, p. 5 (La. App. 1 Cir. 3/29/06), 934 So. 2d 119, 123.

Furthermore, a defendant in a divorce action is not required to assert incidental demands via reconventional demand. La. C.C.P. art. 1061B; *D'Angelo*, 2005-0553, p. 6, 934 So. 2d at 123. When incidental demands were not requested in the original petition or previously adjudicated; but rather, asserted in a later-filed petition by the opposite party, *lis pendens* does not apply to the incidental demands. *D'Angelo*, 2005-0553, p. 5-6, 934 So. 2d at 123[4]; *Newman v. Newman*, 96-1062, p. 5-6 (La. App. 1 Cir. 3/27/97), 691 So. 2d 743, 745–46.[5]

In the current case, Ms. Gamble was the first to claim incidental relief; consequently, *lis pendens* does not apply. Therefore, we find that Ms. Gamble's second assignment of error is meritorious.

Accordingly, we find that the trial court erred in granting the exception of *lis pendens* regarding all of Ms. Gamble's incidental demands and dismissing the demands.

II. <u>*The trial court erred in failing to transfer Ms. Gamble's claim for interim spousal support for consolidation*</u>

We find that Ms. Gamble's third assignment of error—the trial court erred in failing to transfer her incidental claims to Caddo Parish—is moot. Because this Court finds the trial court erred in dismissing Ms. Gamble's incidental demands,

---

[4] The appellate court reversed the trial court's granting of the *lis pendens* exception for determination of the incidental matters when two petitions were filed in separate parishes, but only the second petition sought incidental demands.

[5] The appellate court affirmed the trial court's denial of the exception of *lis pendens* regarding incidental demands where petitions were filed in separate parishes, but only the second petition sought incidental demands.

including interim support, Ms. Gamble is free to pursue all her incidental demands, including her claim for interim support in the Civil District Court for the Parish of Orleans. Even if the divorce is ultimately handled in Caddo Parish, Ms. Gamble's incidental demands remain an issue in Orleans Parish where relief for these demands was initially sought.

Furthermore, due to our finding that Ms. Gamble's incidental demands may proceed in the Orleans Parish trial court, we pretermit discussion of Ms. Gamble's remaining sole assignment of error.

## CONCLUSION

The trial court erred in granting the exception of *lis pendens* regarding Ms. Gamble's incidental demands and dismissing all incidental demands.

Considering the foregoing, the trial court's sustaining of the exception of *lis pendens* is reversed. Additionally, the trial court's dismissal of Ms. Gamble's incidental demands is reversed. The case is remanded to the trial court for proper consideration of Ms. Gamble's incidental demands.

**REVERSED & REMANDED**

6