COVINGTON, Chief Judge.
On September 7, 1989, Reynold J. Ro-drigue, plaintiff-appellee, filed a petition for divorce from Elodie LeCompete Ro-drigue, defendant-appellant, in the 32nd Judicial District Court, Parish of Terrebonne. The petition specifically plead that “[petitioner and his wife physically separated on September 1, 1988, and since that time have lived separate and apart continuously and without reconciliation,” and “[pjetitioner seeks a divorce a vinculo matrimonii from defendant pursuant to La.R.S. 9:301,” prior to its repeal by Acts 1990, No. 1009, Section 9.
In response, Elodie Rodrigue filed an Exception of Lis Pendens. Defendant asserted that the subject matter of the litigation was the same as litigation she filed on June 5, 1989, in Orleans Parish, and that Mr. Rodrigue’s suit should be dismissed.
The exception was heard on December 22, 1989, and taken under advisement. In Reasons for Judgment dated and signed January 10, 1990, the judge overruled defendant’s exception.
The defendant failed to answer the petition within the time prescribed by law, and thereafter, upon written motion by plaintiff, a preliminary default against defendant was signed on February 5, 1990, and filed into record on February 7, 1990. The preliminary default was confirmed and a judgment granting a divorce pursuant to La.R.S. 9:301 was rendered and signed on February 9, 1990. It is from this judgment that defendant appeals.
Mrs. Rodrigue makes three assignments of error and asserts the trial court erred: (1) in granting Reynold J. Rodrigue’s Motion for Preliminary Default without regard to Local Rule 22 of the 32nd Judicial District Court; (2) in confirming the preliminary default without regard to Local Rule 22; and (3) in denying appellant’s exception of lis pendens. Mr. Rodrigue, in his answer to the appeal, alleged defendant’s appeal was frivolous and sought attorney’s fees and damages. For the following reasons we affirm in part, reverse in part, and remand.
LIS PENDENS
At the time that plaintiff’s suit for divorce was filed, Louisiana Code of Civil Procedure article 531 stated, in pertinent part:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.
Defendant-appellant argues the suit filed by her on June 5, 1989, in Orleans Parish was the first suit filed and thus, plaintiff’s suit in Terrebonne Parish should be dismissed. She bases this argument on her assertion that both the suits are “... on the same cause of action, between the same parties, and having the same object....” However, a careful reading of the pleadings indicates the suits are based on two separate causes of action.
Plaintiff’s petition includes the following:
*1182 III.
Petitioner and his wife physically separated on September 1, 1988, and since that time have lived separate and apart continuously and without reconciliation.
[[Image here]]
VI.
Petitioner is entitled to and seeks a divorce a vinculo matrimonii from defendant pursuant to La.R.S. 9:301.
The defendant’s Orleans Parish petition, filed on June 5, 1988, states in part:
III.
Petitioner and defendant physically separated on September 1,1988 and since that time, have lived separate and apart without reconciliation.
[[Image here]]
VI.
Despite petitioner’s effort to make defendant happy, defendant has treated petitioner so cruelly as to render their living together insupportable in the following illustrative respects:
1) Defendant mentally abused petitioner;
2) Defendant physically abused petitioner;
3) Defendant has publicly humiliated petitioner;
4) Defendant has disparaged petitioner in the public eye; and
5) Defendant has maintained an adulterous relationship with other women.
VII.
On September 1, 1988, petitioner was forced to remove herself from the matrimonial domicile as a result of the cruel treatment and public and private humiliation perpetrated by defendant.
VIII.
Petitioner has been free from fault and is entitled to a separation based on the following grounds:
1)Cruel treatment;
2) Public humiliation;
3) Constructive abandonment; and
4) Adultery.
IX.
Petitioner is further entitled to a divorce on the grounds of adultery.
The Supreme Court, in Lamb v. Lamb, 411 So.2d 1 (La.1982), discussed the application of La.Code of Civil Procedure article 531 in divorce proceedings. In that case the wife sought a divorce based on adultery and the husband’s suit for divorce was based on living separate and apart for one year. The court stated these were “not suits on the same cause of action” and that
for the purpose of res judicata or (lis pendens) cause of action essentially refers to the grounds upon which the demand is based_ Because the two actions for divorce are based on different causes of action, C.C.P. Art. 531 does not apply, and the court of appeal erred in maintaining the exception.
411 So.2d at 2. [Citations omitted.]
Similarly, in the instant suit, plaintiff's petition states petitioner and defendant have lived separate and apart since September 1, 1988, and pursuant to La.R.S. 9:301, petitioner is entitled to a divorce. Defendant’s petition, although including an assertion of living separate and apart since September 1, 1988, seeks a separation based on other, specific grounds, and seeks a divorce based on adultery. In his reasons for judgment, the judge recognized the jurisprudential rule of Lamb v. Lamb and correctly overruled the exception.
Defendant argues under Louisiana’s “fact” pleadings system she is entitled to a divorce based upon living separate and apart for one year as her petition was sufficient to put Mr. Rodrigue on notice and she did not need to label that once the full year had passed she might seek a divorce pursuant to La.R.S. 9:301.
This argument is without merit.
On June 5, 1989, the day of filing of the Orleans petition, Mrs. Rodrigue was not entitled to a divorce under La.R.S. 9:301, as a matter of law. Even applying the theory *1183 of “fact” pleading, Mrs. Rodrigue, on that date, did not allege facts constituting a claim for a divorce pursuant to La.R.S. 9:301. When these two suits were filed, they were based on different causes of action and La.Code of Civil Procedure article 531 does not apply. The exception was properly overruled.
AUTHORITY OF LOCAL RULES
La.Code of Civil Procedure article 1312 provides, in pertinent part:
No service on the adverse party need be made of a motion ... or of any pleading not required by law to be in writing.
In other words, unless the law requires the motion or pleading to be in writing, the party making the motion or filing the pleadings is not required to serve his opponent.
According to La.Code of Civil Procedure article 1701, a default judgment may be obtained by either oral motion in open court or by written motion.[1] Reading La. Code of Civil Procedure articles 1312 and 1701 together, there is no requirement of service of a motion for a preliminary default since the motion for default may be by either written or oral motion. The law does not require service.
In the instant case, after the defendant’s lis pendens exception had been overruled, and after all legal delays had passed, plaintiff filed a written motion for a preliminary default. The plaintiff did not serve the defendant. The preliminary default was confirmed, pursuant to La.Code of Civil Procedure article 1702 A[2], and rendered in plaintiffs favor.
Defendant argues that the preliminary default was obtained in violation of Local Rule 22 of the 32nd Judicial District Court and was, therefore, unlawful.
Local Rule 22 states, in pertinent part:
Copies of all pleadings not required by law to be served by the Sheriff, must either be handed or mailed to the opposing attorney by the attorney filing same_
Defendant argues the written motion for a preliminary default filed by plaintiff was a “pleading,” and therefore was subject to Local Rule 22. “Written motions” are one of the pleadings allowed in civil actions by La.Code of Civil Procedure article 852[3]. This “pleading,” therefore was subject to the delivery requirement of Local Rule 22.
The power to adopt local rules is addressed in La.Code of Civil Procedure article 193 which states, in part:
A court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law.
Rules of court not in conflict with express law have the force of law and are binding upon the judge as well as the litigants. Perry v. Law, 311 So.2d 283 (La. App. 1 Cir.1974). Keating v. Cambre, 407 So.2d 787 (La.App. 4 Cir.1981). Plaintiff, in brief, asserts Local Rule 22 expressly contradicts La.Code of Civil Procedure article 1312 and is therefore, not binding. This is not the case. Restating for clarity:
La.Code of Civil Procedure article 1312 states, in part:
No service on the adverse party need be made ... of any pleading not required by law to be in writing.
Local Rule 22 states, in part:
*1184 Copies of all pleadings not required by law to be served by the Sheriff, must either be handed or mailed to the opposing attorney by the attorney filing same
Article 1312 expressly excepts service on the adverse party when the pleadings being filed are not required to be in writing. Those pleadings not required by law to be in writing are identified in La.Code of Civil Procedure article 961 as applications to the court for an order, which are not included in other pleadings and are “made during trial or hearing or in open court.” Except for this allowance for oral motions, under article 961, and the motion for preliminary default under article 1701, all other pleadings allowed in civil actions are required to be in writing. La.Code of Civil Procedure article 852. Therefore, article 1312 does not require service on the adverse party of a motion for preliminary default. Local Rule 22 requires delivery on opposing counsel. The issue is whether article 1312’s excepting service and Rule 22’s requiring delivery are in conflict.
“Service on Persons” is the title of Chapter 2 of Title II of the La.Code of Civil Procedure. The preliminary statement of the chapter reads:
This chapter deals with personal and domiciliary service, and these two types cover all possible situations.
The articles then go on to identify service on persons and article 1231 states, in pertinent part:
Service of citation or other process may be either personal or domiciliary....
Article 1232 describes personal service as a “tender” by the proper officer of the citation or other process to the person to be served. Article 1234 describes domiciliary service as “when a proper officer leaves the citation or other process at the dwelling house or the usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment.” These are the only methods of service which are required by the Code of Civil Procedure in most instances, but specifically excepted in a motion for a preliminary default. The re-
quirement of Local Rule 22 requiring delivery by handing or mailing a copy of the pleadings to the opposing attorney can not be included in the meaning of service. Therefore, article 1312 and Local Rule 22 are not in conflict. Local Rule 22 is applicable and has the force of law.
The local rule required mailing or handing of the pleadings to the opposing attorney. This was not done; therefore, violation of this rule requires that the preliminary default judgment which was entered January 7, 1988, be reversed.
FRIVOLOUS APPEAL
Plaintiff-appellee, in his answer, alleged the appeal of Elodie Rodrigue was frivolous, was taken for the purpose of delay, and sought attorney’s fees and damages pursuant to La.Code of Civil Procedure article 2164. This court recently addressed this issue in Fisk v. Mathews, 525 So.2d 223 (La.App. 1 Cir.1988). In applying the controlling principals of law in that case, we stated:
Since it is penal in nature, this provision must be strictly construed. Further, appeals are favored and penalties for frivolous appeal will not be imposed unless they are clearly due. Even when an appeal lacks serious merit, damages for a frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay or that appellant’s counsel is not serious in the position he advocates.
525 So.2d at 227. [Citations omitted.]
In this case, there is no indication that the appeal taken by Mrs. Rodrique was taken solely for the purpose of delay. The defendant did raise a legitimate issue as to the validity and enforcement of locally adopted rules.
For the above reasons, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded to the district court for proceedings consistent with this opinion. Costs of this appeal to be assessed equally between the parties.
*1185 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. Art. 1701. Judgment by default
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.

. Art. 1702. Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.

.Art. 852 states, in pertinent part:
The pleadings allowed in civil actions, whether in a principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers.