607 So.2d 948 (1992)
Edward L. WATTERS
v.
Glenda Faye Ivy WATTERS.
No. 91-CA-2402.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1992.
Writ Denied January 15, 1993.
*949 Morris W. Reed, New Orleans, for defendant.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
JONES, Judge.
Defendant, Glenda Watters, appeals the trial court's judgment of divorce pursuant to La.C.C. article 102. We affirm the trial court's judgment.
On January 2, 1991, plaintiff filed a PETITION FOR DIVORCE, CHILD CUSTODY AND CHILD SUPPORT seeking a dissolution of marriage based on living separate and apart continuously for six months pursuant to La.C.C. article 102. On February 5, 1991 plaintiff filed a motion and incorporated memorandum for default. Defendant's ANSWER AND RECONVENTIONAL DEMAND, alleging among other things a claim of adultery, was filed February 28, 1991. Numerous other filings followed related to discovery matters and the parties' lack of cooperation and failure to timely comply with orders and deadlines. On July 24, 1991, plaintiff filed a RULE TO SHOW CAUSE why the divorce should not be granted. On August 7, 1991 a hearing was held on the RULE TO SHOW CAUSE and the court granted plaintiff's divorce pursuant to article 102 of the Civil Code. When defendant asked that her right to litigate the claims raised in her reconventional demand be reserved, the court reasoned that pursuant to a recent House Resolution, parties do not have to reserve their rights to litigate claims of fault. The res judicata laws no longer apply.
By defendant's first assignment of error she argues that the trial court's judgment of divorce pursuant to La.C.C. article 102, while issues of fault were still pending, is contrary to the legislature's intent in enacting 1990 La.Act 1009, section 2, (House Bill 1103).
Defendant argues that adultery and conviction of a felony are actions leading to automatic divorce. Divorce pursuant to these claims is more abbreviated than article 102. She argues that it was keeping with the legislative intent to litigate fault claims prior to or in conjunction with a hearing on article 102.
The comments to Act 1009 regarding an article 102 cause of action provide that the judgment of divorce be granted pursuant to a rule to show cause, after the 180 day waiting period, if there has been no reconciliation between the parties. The comments to La.C.C.P. article 3954 which concern abandonment of an article 102 action provide that if a party does not proceed with the filing of a rule to show cause within a reasonable time it is deemed abandoned. These comments express the legislature's intent that an action under article 102 is a stream-lined procedure for divorce that parties may opt to use. The requirements for an article 102 action are relatively few, the time delays are brief and the demands on the court are limited. The defendant is not even required to file an answer. Our reading of the comments do not suggest that a trial court must hear arguments on fault issues preliminary to or simultaneously with an article 102 rule to show cause.
By her second assignment of error defendant maintains that the jurisprudence favors the taking of evidence of the reconventional demand at the time evidence of the principal demand is taken. She cites: Kinchen v. Kinchen, 147 So.2d 761 (La. 1962). Prior jurisprudence is not dispositive of this issue. The merits of this appeal rest on the issue of legislative intent.
*950 It was the intent of the legislature that article 102 provide an expeditious method of granting a divorce. Litigating fault claims delays that process. We find no error with the trial court's judgment. Furthermore, we find that defendant has in no way been prejudiced by the trial court's judgment since she may still litigate her claims of fault.
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs in the result.