795 So.2d 448 (2001)
Gloria Annette SIMMONS, Plaintiff-Appellant,
v.
Gaylon SIMMONS, Defendant-Appellee.
No. 34,942-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
*449 Sharp, Henry, Cerniglia, Colvin & Weaver by Patrick L. Henry, Homer, Chris L. Bowman, Jonesboro, Robert C. Lowe, Paula H. Lee, New Orleans, Counsel for Plaintiff-Appellant.
Avery & Robinson by Darrell R. Avery, Jonesboro, James L. Fortson, Shreveport, Counsel for Defendant-Appellee.
Before NORRIS, BROWN and KOSTELKA, JJ.
NORRIS, Chief Judge.
Gloria Simmons appeals the trial court's grant of a La. C.C. art. 102 divorce. We affirm.

Facts
On February 29, 2000, Gloria filed a petition for divorce, asserting that Gaylon Simmons committed adultery. Gloria also requested, in the alternative, a divorce based on living separate and apart for 180 days following service of the petition. Gaylon received service on March 1, 2000. On August 30, 2000, he filed a motion and order to set a rule to show cause for divorce based on the 180 days. The rule was set for September 14, 2000.
Gloria retained new co-counsel who was unable to attend the rule but filed a motion to continue two days before the hearing. This was denied. Substitute counsel therefore appeared for Gloria at the rule, objecting to the proceedings and stating that Gloria wished to pursue the divorce as a "103" divorce rather than a divorce *450 based on La. C.C. art. 102. Gaylon's counsel replied that Gloria's original lawyer had assured him by telephone conference that they had no objection to the 102 divorce; substitute co-counsel offered no evidence disputing this. The trial judge, who had participated in the conference call, overruled the objection to proceeding. After receiving the appropriate testimony, the trial judge granted Gaylon a divorce based on art. 102, living apart 180 days following service of the petition for divorce.

Law and Analysis
Gloria appeals the trial court's grant of an art. 102 divorce, asserting an "absolute right" to litigate her entitlement to an art. 103 divorce based on adultery. Additionally, she argues that since she requested an art. 102 solely in the alternative, that Gaylon could not file a rule to show cause based on her petition.
La. C.C. art. 102 provides that "a divorce shall be granted upon a motion of a spouse when either spouse has filed a petition for divorce" (emphasis added) and upon proof that 180 days have elapsed from the service of the petition and the spouses have lived separate and apart continuously for at least 180 days prior to the filing of the rule to show cause.
"The word `shall' as used in article 102 is mandatory and requires the trial court to grant a divorce upon proof that 180 days have elapsed since the date of original separation. * * * The article does not require the filing of an answer to the petition or prior resolution of all the ancillary or reconventional claims raised by the other spouse. Its effects take place, automatically, by operation of law (absent reconciliation) on proof by the moving spouse that the delay period expired." Borel v. Borel, 624 So.2d 1279 (La.App. 3d Cir.1993); See also Champion v. Champion, 618 So.2d 1181 (La.App. 3d Cir.), writ denied, 620 So.2d 850 (1993). Moreover, the article's reference to "the motion of a spouse" makes clear that the defendant in the divorce petition may fix the rule and obtain the divorce, if he presents the requisite evidence. See Bishop v. Bishop, 98-59 (La.App. 5th Cir.5/27/98), 712 So.2d 697.
Gloria filed a petition for divorce based on La. C.C. art. 103, asserting adultery as the grounds for the divorce, and pleading a La. C.C. art. 102 divorce in the alternative. One hundred eighty days after service, Gaylon filed a rule to show cause why the divorce should not be granted in accordance with La. C.C. art. 102. Gloria neither filed nor offered anything at the hearing to deny that the parties were indeed separated for 180 days since service of the petition; she was present and represented by counsel at the hearing. While counsel lodged an objection to the proceedings based on Gloria's desire to litigate fault, he did not raise any bar to the La. C.C. art. 102 divorce proceedings. Gloria lost no rights when the lower court granted the 102 divorce.
Once Gaylon filed a rule to show cause and submitted uncontested proof that the rule was filed 180 days after he was served with the petition and that he and Gloria had been living separate and apart for at least 180 days prior to the rule, the trial court was required to grant him the divorce. Gloria's argument has no merit.

Conclusion
For the above reasons, the judgment is affirmed at appellant's cost.
AFFIRMED.