SUSAN M. CHEHARDY, Chief Judge.
| ¿This is a divorce proceeding. The issue on appeal is whether a second petition for divorce may be filed under the same case number as an earlier-filed petition for divorce, when the parties reconciled before judgment was rendered on the first petition. We affirm the trial court’s ruling that after reconciliation, the original action is extinguished, and a subsequent petition for divorce must be filed as a new proceeding.
PROCEEDINGS IN TRIAL COURT
On November 9, 2007, Tricia Schiro filed a petition for divorce under La. C.C. art. 103 against her husband, John M. Farrell, on the basis of the parties’ having already lived separate and apart for the requisite amount of time. The petition alleged that the parties were married on December 9, 2001, that two children were born of the marriage, that the parties had separated *998 on November 8, 2006, and that they had lived separate and apart since then. On December 13, 2007, Mr. Farrell filed an answer to the petition that incorporated a reconventional demand for divorce under Article 103.[1]
[¡¡No further action was taken in the record until May 31, 2011, when Ms. Schi-ro filed a second petition for divorce, under the same case number and caption as the first suit.[2] The second petition sought divorce under La. C.C. art. 102. The 2011 petition recited that the parties were married on December 9, 2001, that three children were born of the marriage, and that the petitioner desired a divorce.[3] Mr. Farrell accepted service of the petition on June 17, 2011. There followed proceedings regarding child custody, visitation and support, interim spousal support, use of the community home, and use of community vehicles.[4] Those claims were resolved in a consent judgment on August 31, 2011.
On October 2, 2012, Ms. Schiro filed a Rule to Show Cause for Divorce under La. C.C. art. 102, stating that the parties had resided separate and apart continuously and without reconciliation for more than 365 days following the defendant’s acceptance of service of the petition. The rule hearing was set for November 14, 2012.
Prior to the hearing on the rule for divorce, Mr. Farrell filed a Motion to Dismiss Petition for Divorce Ex Parte. He alleged that the petition for divorce had become null by operation of law, because neither party had sought or filed a rule for divorce within two years after service of the 2007 petition for divorce, pursuant to La. C.C.P. art. 3954(A).[5] Mr. Farrell asserted that the failure of either party to seek or file a rule for a divorce rendered that petition abandoned by operation of [Jaw on November 18, 2009 (two years after the date that he received personal service of the petition for divorce in the underlying suit).
In her memorandum in opposition to the motion to dismiss, Ms. Schiro pointed out that her first demand for divorce was filed pursuant to La. C.C. art. 103, not Article 102, and therefore La. C.C.P. art. 3954 did not apply to it. She admitted, however, that the first demand was extinguished by operation of law due to the reconciliation of the parties, as provided by La. C.C. art. 104. She asserted that extinguishment made moot any consideration of whether it was abandoned under La. C.C. art. 561 after the lapse of three years.
She argued that the 2011 petition for divorce is independent of the first, because it is not an amended or supplemental petition, and it does not rely on anything *999 connected with the first demand. It does not attempt to preserve any “retroactive” date or any time periods begun during the first demand, and there were no judgments on the first demand to be carried forward. She stated, “Whether or not there had ever been a prior proceeding is completely immaterial to the pending demand.”
Ms. Schiro pointed out that the local rules of the district court require the clerk to file new pleadings between the same parties in domestic cases in the same case number. Her memorandum stated:
At the time of the filing of the new demand on May 31, 2011, the Clerk’s index contained the earlier proceeding between the same parties. The suit record contained no dismissal or final judgment. There was no declaration for the record that the parties had reconciled. There was nothing in the record for the Clerk to determine that the earlier demand was no longer “pending.” The Local Rules do not require the Clerk to make a legal determination that the earlier action had been extinguished or abandoned — such a legal question is for the Court to decide in accordance with law.
|sThe Clerk followed the Local Rules and the new demand was filed in the same suit record as the first demand.
After a hearing on January 15, 2013, the district court rendered judgment granting the motion to dismiss. In ruling from the bench, the court stated,
The Court finds that in matter Number 652-954, that matter, by way of the reconciliation, that matter is extinguished .... So, Counsel, if you’ll go down to the Clerk’s Office and see if they will allow you to put the subsequent divorce pleading in another case number, or else you’ll have to file another suit. All right, that’s the Court’s ruling on this matter. This matter is extinguished.
The written judgment stated, in pertinent part, “It is ordered, adjudged and decreed that this matter be and it is hereby extinguished in accord with LCC Art. 104 based upon the reconciliation of the parties. If Trida Schiro can have the suit that she filed May 31, 2011 filed as a new suit with the Clerk of Court, then she may do so.”
Ms. Schiro filed a Motion for New Trial and Motion to Transfer Case, in which she noted that on January 15, 2013, the date the judgment was rendered, Mr. Farrell had filed a petition for divorce under La. C.C. art. 103, under a separate case number, which was allotted to a different division.[6] Ms. Schiro stated that her counsel had consulted with personnel in the Clerk’s Office about whether the Clerk would allow another case number for the proceedings commenced on May 31, 2011. She stated that the Clerk’s Office personnel, upon being informed of Mr. Farrell’s newly-filed action, had advised Ms. Schi-ro’s counsel that a solution would be for the May 31, 2011 divorce demand, and proceedings and judgments subsequent thereto, to be consolidated with Mr. Farrell’s action under the new case number. Accordingly, Ms. Schiro requested that the court transfer her case to the ^division to which Mr. Farrell’s proceeding was assigned, for consolidation with his case.
In opposition to the motion for new trial, Mr. Farrell reiterated the arguments made in support of his motion to dismiss. He acknowledged he had filed a new lawsuit on January 15, 2013, under a new case number, and stated that Ms. Schiro had filed an answer and reconventional de *1000 mand in that suit. He argued that Ms. Schiro’s request for a new trial did not allege any ground that could form the basis for a revival of her divorce proceeding. He asserted that the extinguishment of the underlying case means that all other portions of the suit expired unless such ancillary matters were resolved and no longer pending. He stated, “There were underlying ancillary matters, but they were still pending at the time of the expiration of this lawsuit.” He argued there is no law or authority to have portions of an extinguished case transferred to a later-filed case unless very specific exemptions apply.
On April 1, 2013, the trial court denied both the motion for new trial and the motion to transfer the case, and dismissed the case in its entirety.
Ms. Schiro appeals the judgment of January 15, 2013, and also the judgment of April 1, 2013, “to the extent that it may have adjudicated any matters in addition to the January 15, 2013 judgment.”
ARGUMENTS
On appeal, Ms. Schiro contends the trial court erred in dismissing all proceedings in the second demand for divorce. She states the issue is whether the filing of a new divorce demand in the same record as an earlier extinguished divorce demand thereby extinguishes and invalidates any and all proceedings and judgments taken on the second demand. She argues that an incorrect case number does not invalidate any proceedings which bear that number.
|7Ms. Schiro admits that the granting of a judgment of divorce in Mr. Farrell’s divorce action (case number 722-908) on June 11, 2013, made her second demand for divorce moot, but she contends “the various incidental matters presented with the second demand are not moot, because the outcome of this appeal will affect those demands.”
She argues that the second demand was totally independent of the first: The second demand was neither an amended petition nor a supplemental petition; it did not seek to rely upon anything connected with the first demand — there was no “retroactive” date to preserve, no time periods begun during the first demand to be preserved, no judgments on the first demand to be carried forward, no need for anything in the second demand to “relate back” to the earlier demand, such as an interruption of prescription. Whether or not there ever had been a prior proceeding was completely immaterial to the second demand.
Ms. Schiro points out,
There are a number of substantive effects on the parties if the May 31, 2011 divorce demand and subsequent proceedings are dismissed and annulled. The consent judgments on custody and support would be impacted, vested rights to accrued support would be affected, there would have been a different termination date for the community and for the determination of fault for the purposes of final spousal support, and there is the potential professional liability of former counsel for filing the new demand in an incorrect case number (assuming that as a matter of law, such would cause the dismissal of all proceedings).”
In opposition to the appeal, Mr. Farrell avers that the trial court correctly dismissed the entire case because the reconciliation extinguished the matter. He argues that a reconciliation means the underlying case is over. It cannot be brought back, because it is the equivalent of a case that has been dismissed with prejudice.
*1001 IsLAW AND ANALYSIS
The Louisiana Civil Code provides that parties may be divorced after living separate and apart for a statutorily mandated amount of time, which is either 180 days or 365 days. Which period applies depends on whether there are minor children of the marriage, or on certain specific circumstances. La. C.C. art. 103.1.[7]
Under La. C.C. art. 102, a person seeking divorce may file a petition before the requisite time period has passed, following it after expiration of the time period with a rule to show cause why divorce should not be granted.[8] The advantage of an Article 102 divorce is that the marital community will be considered terminated at an earlier date, because the divorce judgment once obtained will be retroactive to the date the petition was filed.[9]
Under La. C.C. art. 103, a person seeking divorce may file a petition for and be granted a divorce after the requisite time period has passed.[10] The advantage of Ran Article 103 divorce is that there is very little waiting to obtain the judgment of divorce, because the required period of separation will have already taken place by the time the petition is filed. The termination date of the marital community, however, will also be after the requisite waiting period has expired, because the Article 103 petition cannot be filed before then.
Under La. C.C. art. 104, “The cause of action for divorce is extinguished by the reconciliation of the parties.”
Ms. Schiro’s first petition was filed in 2007. It is undisputed that the parties reconciled in 2008. There was no formal dismissal of the 2007 petition, but Ms. Schiro agrees that the reconciliation extinguished her cause of action for divorce under the Article 103 petition filed in 2007.
*1002 When Ms. Schiro filed her second petition for divorce in 2011, this time seeking divorce under Article 102, however, she filed it under the same docket number as the first petition. She claims that she did so in order to comply with the local district court rules.
Rule 25.1(A) of the Rules of the 24th Judicial District Court provides, “All pleadings or motions between the same parties filed in domestic cases must be filed in the first suit filed by either party. The proceeding first filed, unless abandoned or dismissed as a matter of law, shall be the proceeding for all subsequent litigation in the case.” (Emphasis added.).
In this case, the reconciliation extinguished the cause of action, which had the same effect as “an abandonment or a dismissal as a matter of law,” as required by the 24th Judicial District Court Rules, Rule 25.1(A). The lawsuit was concluded, even without a formal dismissal. Therefore, the 2011 petition should have been filed as a new suit, with a new number.
|inMs. Schiro has argued that “cause of action” as used in Article 104 is not synonymous with a “case number.” She also argues that many lawsuits are comprised of different causes of action asserted by different parties, and that dismissal of one cause of action by or against one party need not necessarily affect other parties or other causes of action. Hence, she contends, her filing of the second divorce demand, based on a different code article (La.C.C. art. 102), was independent of the first and the extinguishment of the first should not be fatal to the second.
We agree that many lawsuits include different causes of action by different parties, but we note that in such cases other ongoing actions existed prior to the dismissal of one of them — as, for example, a suit with multiple plaintiffs and/or multiple defendants. Her proffered example does not revive her 2011 petition. We analogize the extinguishment of her cause of action for Article 103 divorce to an abandonment of the action. Once an action has been abandoned, it is final. No further proceedings may be conducted in that action. The Article 103 proceeding was terminated when the cause of action was extinguished. Subsequent filing of the unrelated Article 102 divorce petition in 2011, after the proceeding was terminated by operation of law, could not revive the case. Hence, the 2011 petition should have been filed as a new matter, under a new case number.
Accordingly, the trial court did not err in its ruling.
DECREE
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Tricia Schiro.

AFFIRMED.

. The petitions also contained claims concerning custody and support of the parties’ minor children, as well as Ms. Schiro's claim for spousal support, and claims regarding certain community property. Those issues are not before us on this appeal.

. Schiro v. Farrell, 24th Judicial District Court, Div. "P”, Number 652-954.

. The parties had reconciled in 2008 and another child was born of the marriage in 2009.

. Both parties also filed motions for protection from abuse that later were voluntarily dismissed.

. La. C.C.P. art. 3954 provides,
A. A divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that Article is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.
B. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of abandonment.

. Farrell v. Schiro, 24th Judicial District Court, Division "J”, No. 722-908.

. La. C.C. art. 103.1 provides:
The requisite periods of time, in accordance with Articles 102 and 103 shall be as follows:
(1) One hundred eighty days:
(a) Where there are no minor children of the marriage; or
(b) Upon a finding by the court, pursuant to a rule to show cause, that the other spouse has physically or sexually abused the spouse seeking divorce or a child of one of the spouses; or
(c) If, after a contradictory hearing or consent decree, a protective order or an injunction has been issued, in accordance with law, against the other spouse to protect the spouse seeking the divorce or a child of one of the spouses from abuse.
(2) Three hundred sixty-five days when there are minor children of the marriage at the time the rule to show cause is filed in accordance with Article 102 or a petition is filed in accordance with Article 103.

. La. C.C. art. 102 states:
Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, prior to the filing of the rule to show cause.
The motion shall be a rule to show cause filed after all such delays have elapsed.

. "A judgment of divorce terminates a community property regime retroactively to the date of filing of the petition in the action in which the judgment of divorce is rendered.” La. C.C. art. 159.

. La. C.C. art. 103 states:
Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for the requisite period of time, in accordance with Article 103.1, or more on the date the petition is filed....