MOORE, J: •
| tracie Drew Reed appeals a judgment that denied her exceptions of lis pendens and prematurity and granted a divorce in favor of her ex-husband, Charles Linford Reed.' We affirm.
Tracie and Charles were married in Sabine Parish in April 1993. They had two children, a, daughter bom in February 1995 and a son in December 1998. Tracie and Charles physically separated on July 30, 2013.
Tracie "filed this petition for Art. 102 divorce, in Caddo Parish, on December 13, 2013. She- sought custody of the children (even though the daughter was by then 18 years old), child support, use of the family home in the'North Highlands area, use of the couple’s three cars, “alimony pendente lite”[1] and an injunction against disposing of community property. After a hearing on March 18, 2014, the court ordered Charles to pay Tracie child support of $871 per month, and interim spousal support consisting of the mortgage on the former family home; homeowner insurance; cable and Internet; electricity, gas, water and sewer; arid auto insurance, effective March 1, 2014, until divorce is rendered. The judgment also, stated that Charles would get no reimbursement for these items of spousal support.
Charles filed this petition for Art. 103 divorce, in the existing proceeding, on August 6, 2014. Like Tracie, he alleged the couple had been physically separated since July 30, 2013, and 365 days had elapséd without reconciliation.
| aTracie filed a declinatory exception of lis pendens and a dilatory exception of prematurity. She contended that she began the proceeding with her Art. 102 petition; thus, the case was governed by La. R.S. 13:3491 A(5)(a), which requires notice to the defendant that 180 days or 365 days after service, or after the parties began living separate and apart, “whichever is later, the suing spouse is entitled to file a motion for final divorce.” She argued that only she, as “the suing spouse,” was entitled to move for final divorce. She therefore felt that Charles’s Art. 103 petition was blocked by lis pendens. Her memorandum did not specifically address her exception of prematurity.
*221 At a hearing in October 2014, Tracie argued that when-she filed for divorce, in December 2013, the 365 days had not yet elapsed. Charles argued that when he filed for Art. 103 divorce, on August 6, 2014, the 365 days had elapsed. He contended that just because one spouse files first does not prevent the other from filing later. He also argued that Tracie was trying to forestall the fínáí divorce because that would end her generous interim spousal support.
The district court ruled that divorces based on Arts. 102 and 103 are two separate actions, and thus there was no preclu-sive effect of res judicata or lis pendens. Further, if Charles, had tried to get a final divorce under Art. 102, that action would be premature, but since he was using Art. 103, it was not. The court denied both exceptions. After a brief hearing, the court granted Charles’s Art. 103 divorce.
• [.«¡Tracie initially gave notice of intent to seek writs, and then took this devolutive appeal. She assigns two errors:
(1) The court erred in denying Tracie’s declinatory exception of lis pendens and dilatory exception of prematurity filed against Charles.
(2) The court erred in granting Charles an Art. 103 divorce when an Art. 102 divorce was pending under La. R.S. 13:3941.
Tracie shows that Louisiana law provides two methods of obtaining divorce, Arts. 102 and 103: under Art. 102, the party seeking divorce files and must wait the prescribed period (365 days in this case, because of the children) before obtaining the divorce;' by contrast, under Art. 103, the parties merely need to have lived separate and apart for 365 days when the divorce is filed. She contends that Charles’s Art. 103 divorce involved the same parties and same cause of action as her earlier Art. 102 divorce, so lis pendens blocked the latter claim and made it premature. In support, she cites La. R.S. 13:3491, which provides in pertinent part (emphasis added):
A. A notice in a divorce action in accordance with Civil Code Article 102 shall be signed by the clerk of the court ⅛ * * and.shall contain all of the following:
⅜ ⅜ ⅜
(5) Statements to the following effect:
(a) The person served is .being sued for divorce by his spouse in accordance with Civil Code Article 102, and that [365 days] after service occurs or after the parties .commenced living separate and apart, whichever is later, the suing spouse is entitled to file a motion for final divorce. .
As she filed her' Art. 102 petition on December 13, 2013, she argues that the soonest5 she could have filed her motion for final divorce was December 13, 2014, and that only she could file it;
[4She further shows that lis pendens is the proper procedural device to block a second suit when both suits are based on the same transaction or occurrence and involve the same parties in the same capacities. La. C.C.P. art. 531. She argues that both petitions involve her and Charles and arise from the breakup of the marriage; hence, the second suit cannot proceed. She concludes that Charles’s Art. 103 petition was filed too early and is an absolute nullity. She asks this court to reverse.
Charles has not filed an .appellate brief.
Charles’s Art. 103 petition was. filed on August 6, 2014, over 365 days after the period of living separate and apart had begun, on July 30, 2013. By Art. 103’s express terms, this action was timely. The *222 district court did not err in denying Tracie’s exception of prematurity.
Tracie’s primary argument, that the Art. 103 petition was blocked by lis pendens, also lacks merit. The legislature recognizes Art. 103 as an alternative cause of action to Art. 102:
Subparagraph (1) of this Article * * * is intended as an alternative to an action under Article 102, supra, for spouses who have lived separate and apart for the requisite period of time and who do not wish to wait an additional six months to be divorced (as would be necessary if they instituted proceedings under Article 102 at the end of their period of living separate and apart).
La. C.C. art. 103, Revision Comment— 1990, cmt. (a).
Even though the decree sought is the same, a divorce, the cause is different: an Art. 102 petition precedes, in whole or in part, the period of living separate and apart, and must be followed by a motion for final divorce, while an Art. 103 petition must follow the period of living separate |Kand apart.
An earlier petition for divorce is not lis pendens as to a second petition for divorce. D’Angelo v. D’Angelo, 2005-0553 (La.App. 1 Cir. 3/29/06), 934 So.2d 119, writ denied, 2006-0995 (La.6/16/06), 929 So.2d 1293. The court in D’Angelo observed that the code articles governing the related concepts of res judicata (La. R.S. 13:4232 B), preclusion by judgment (La. C.C.P. art. 425 B) and compulsory reconventional demand (La. C.C.P. art. 1061 B) all exclude actions under Arts. 102 and 103. This suggests a greater flexibility in the handling of divorce actions, perhaps reflecting a legislative intent that the judgment of divorce should be based simply on the evidence, and not on allowing the first filer to prolong the process.
We also note former La. C.C.P. art. 3995, which had provided that the “defendant spouse in an action filed under Civil Code Article 102 may file a petition for divorce in the same or another court of competent jurisdiction and venue.” The legislature repealed this article in 1999, without comment, probably feeling that its content was too obvious to require specific expression.[2]
Indeed, the courts have often considered competing petitions for divorce and never raised the prospect of lis pendens. Anderson v. Anderson, 48,027 (La.App. 2 Cir. 5/15/13), 117 So.3d 208; Birch v. Birch, 45,702 (La.App. 2 Cir. 11/3/10), 55 So.3d 796, writ denied, 2010-2670 (La.1/28/11), 56 So.3d 959; Simmons v. Simmons, 34,942 (La.App. 2 Cir. 8/22/01), 795 So.2d 448, writ denied, 2001-2646 (La.12/14/01), 803 So.2d 982; Sibley v. Sibley, 97-1912 (La.App. 1 Cir. 12/28/98), 724 So.2d 275, writ denied, 99-0291 (La.3/26/99), 739 So.2d 792.[3] We now hold that one spouse’s suit for divorce under Art. 102 is not lis pendens as to the other spouse’s later (and timely) suit for divorce under Art. 103.
Tracie also cites La. R.S. 13:3491 A(5)(a), but this states only that the spouse suing under Art. 102 is entitled to file a motion for final divorce. It does not prohibit the other spouse from filing an Art. 103 claim, if the conditions for Art. 103 are met. Tracie’s first assignment lacks merit.
*223 Finally, we have -reviewed the record and find no manifest error in the grant of divorce. Charles testified that the couple separated on July 30, 2013, and a witness corroborated this. Tracie testified .that when they separated,- they intended it to be temporary, but she did not dispute the 365 days of separation or allege reconciliation. Trade's second assignment lacks merit.
The assignments of error lack merit. The judgment is affirmed; All costs are to be paid by the appellant, Tracie Drew Reed.
AFFIRMED.

. 1999 La. Acts No. 138, § Í, effective August 15, 1999.

. In Cannatella v. Cannatella, 11-618 (La.App. 5 Cir. 3/13/12), 91 So.3d 393, cited by Tracie in brief, the Fifth Circuit rejected the husband’s later petition for Art. 103 divorce not because of lis pendens but because the evidence supported the wife's earlier petition for 103 divorce alleging adultery.