KERRY G. MARTIN

VERSUS

SVITLANA TRUSHYNA

NO. 19-CA-79

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 755-947, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

November 13, 2019

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**AFFIRMED**
  **FHW**
  **JGG**
  **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
KERRY G. MARTIN
Lila M. Samuel

COUNSEL FOR DEFENDANT/APPELLANT,
SVITLANA TRUSHYNA
Eric E. Malveau

**WICKER, J.**

In this divorce action, appellant, Svitlana Trushyna, contests the trial court's judgment granting the parties a divorce pursuant to La. C.C. art. 102 and denying appellant's motion for a new trial. For the reasons fully discussed herein, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

Svitlana Trushyna and Kerry Martin ("Mr. Martin") were married on April 2, 2015. Mr. Martin filed the first of several petitions for divorce on December 3, 2015. The first petition was eventually dismissed, but subsequent petitions filed by either party were assigned the same case number. Ms. Trushyna filed a "Petition for Divorce and Petition for Partition of Community Acquets and Gains and Rules to Show Cause Regarding Incidental Matters" on September 25, 2017, seeking a divorce pursuant to La. C.C. art. 102. According to Ms. Trushyna's September, 2017 petition for divorce, the parties had separated on September 2, 2017. At the time she filed the September, 2017 petition for divorce, Ms. Trushyna was unrepresented by counsel.[1] On December 19, 2017, Jackie Epstein enrolled as counsel for Ms. Trushyna and filed a "Petition for Divorce Pursuant to La. C.C. art. 103(4) and/or in the Alternative, La. C.C. art. 103(5)"—seeking a fault-based divorce wherein she alleged domestic abuse at the hands of appellee, Mr. Martin.

Thereafter, on February 15, 2018, Mr. Martin filed an answer and reconventional demand for divorce pursuant to La. C.C. art. 103(1). A show cause hearing before the Administrative Hearing Officer was set for March 21, 2018, and later continued until April 24, 2018. The April 2018 Hearing Officer Conference resulted in a judgment awarding interim spousal support to Ms. Trushyna in the amount of $550.00 per week with Mr. Martin paying all of Ms. Trushyna's

---

[1] The document submitted was well-drafted, in proper format, and addressed each element suggested in the standard form LSA CCP Form 370(1).

expenses directly, including the house note, car note and insurance, phone bill, medical insurance, utilities, internet and cable, and pool and lawn maintenance.[2] Ms. Trushyna was also given interim use and occupancy of the marital residence, as well as her 2015 Nissan Rogue. Ms. Trushyna refused to sign the "Stipulations and/or Recommendations of Hearing Officer" form and, on May 1, 2018, filed an objection to the hearing officer's recommendation(s) and interim order alleging that the award of interim spousal support was insufficient and that Mr. Martin was capable of paying more. Ms. Trushyna's objection was filed by her new counsel of record, Mr. Arthur Schott.[3]

On June 21, 2018, Mr. Martin filed an affidavit of living separate and apart and a motion for preliminary default relating to his February, 2018 reconventional demand for divorce pursuant to La. C.C.P. art. 103(1). Another affidavit declaring the same facts was filed by Mr. Martin on June 26, 2018. Thereafter, on July 13, 2018, Mr. Martin sought confirmation of the preliminary default, granting an Article 103(1) divorce. The judge dismissed Mr. Martin's reconventional demand because an Article 103(1) divorce requires that the parties have been living separate and apart for the statutory period at the *time of filing* the petition. When Mr. Martin's reconventional demand was filed on February 15, 2018, the parties had not been separated for over 180 days, although the requisite period of separation had passed by the time Mr. Martin filed his affidavits and motion for preliminary default.

Thereafter, on August 7, 2018, Mr. Martin's attorney filed a "Rule to Show Cause Why Civil Code Art. 102 Divorce Should not be Granted." No objections to the rule were filed by Ms. Trushyna's attorney. Both parties, each represented by counsel, attended the ensuing August 23, 2018 hearing on Mr. Martin's Rule to

---

[2] The Hearing Officer report indicates that Mr. Martin was already paying this amount.
[3] Ms. Trushyna parted ways with her previous attorney around the date of the Hearing Officer Conference.

Show Cause why an Article 102 divorce should not be granted. At the hearing on August 23, 2018, Mr. Martin testified that the couple had been living separate and apart for 180 days without reconciliation prior to August 7, 2018, and that there were no minor children of the marriage as required by La. C.C. art. 102 and La. C.C. art. 103.1. No evidence or testimony was offered by Ms. Trushyna's attorney. The Judgment of Divorce was granted on August 23, 2018, pursuant to La. C.C. art. 102. Ms. Trushyna again sought new counsel, and a Motion for New Trial was filed by Attorney Eric Malveau on August 29, 2018. The motion was denied at a hearing on December 11, 2018.

## DISCUSSION AND ANALYSIS

On appeal, Ms. Trushyna claims that, although not titled as an amendment, her December 19, 2017 petition for fault-based divorce pursuant to La. C.C. art. 103(4) or La. C.C. art. 103(5) was an amended petition replacing the September 2017 petition filed by Ms. Trushyna while she was a pro se litigant. Therefore, Ms. Trushyna argues, the trial court erred when it granted the parties an Article 102 divorce because Ms. Trushyna desired to proceed under the petition she had filed seeking a fault-based divorce pursuant to La. C.C. art. 103(4) or La. C.C. art. 103(5) on domestic abuse grounds.

Ms. Trushyna also claims that attorney Schott was negligent in his representation of her by failing to object to Mr. Martin's rule seeking an Article 102 divorce; failing to file a rule to proceed under Article 103(4) or Article 103(5) as Ms. Trushyna intended; and failing to present any evidence of domestic violence or raise any other objections at the hearing on Mr. Martin's rule to show cause. Therefore, Ms. Trushyna further argues, the District Court's denial of the Motion for New Trial amounts to an abuse of discretion under La. C.C.P. art. 1973 because Ms. Trushyna will suffer a miscarriage of justice if not allowed to present her evidence of domestic violence in a proceeding for a fault-based divorce judgment.

On the other hand, Mr. Martin avers that the pro se petition for divorce filed by Ms. Trushyna in September 2017 was never amended or dismissed. He contends that the petition for fault-based divorce was a separate proceeding, which was still pending when Mr. Martin filed his Rule to Show Cause why the Article 102 Divorce Should not be Granted. According to Mr. Martin, the only evidence that is relevant at the hearing on the Article 102 divorce is whether the couple has lived separate and apart for the time period required by Article 103.1 prior to the filing of the rule. Mr. Martin contends that a party who has satisfied Article 102 is entitled to a divorce as a matter of law despite pending fault-based proceedings. Mr. Martin also claims that Ms. Trushyna has not suffered a miscarriage of justice and that the Court did not err in denying the motion for new trial because any fault-based claims she may have remain viable, despite the granting of divorce.

**Standard of Review**

On appeal, we review the trial court's findings of fact under the manifest error standard. *Thomas v. Thomas*, 17-0760 (La. App. 4 Cir. 2/21/18), 238 So.3d 515, 518. The trial judge is vested with great discretion in weighing evidence and credibility. *Id.* A trial court's findings of fact cannot be reversed unless a reasonable factual basis for the verdict does not exist and the record establishes that the verdict is manifestly erroneous. *Id.* The manifest error standard also applies to mixed questions of law and fact. *Id.* (quoting *Gordon v. Gordon*, 16-0008 (La. App. 4 Cir. 6/18/16), 195 So.3d 687, 689). When an issue is a strictly legal question, the *de novo* standard of review is used. *Id.*

I.    ***Whether the District Court erred in granting a divorce pursuant to La. C.C. art. 102.***

Ms. Trushyna claims that the trial court erred in granting a divorce to Mr. Martin pursuant to La. C.C. art. 102 when Ms. Trushyna filed a petition under La. C.C. art 103(4) or La. C.C. art 103(5) and wished to obtain a fault-based divorce.

Although the record evidences some confusion as to whether the trial court granted the divorce under Article 102 or Article 103, the August 23, 2018 hearing that resulted in a judgment of divorce was the product of Mr. Martin's "Rule to Show Cause why La. C.C. art. 102 Divorce Should not be Granted." Therefore, the following analysis addresses whether the grant of an Article 102 divorce was proper.

La. C.C. art. 102 provides:

 Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, prior to the filing of the rule to show cause.

La. C.C. art. 103 provides:

Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:

(1) The spouses have been living separate and apart continuously for the requisite period of time, in accordance with Article 103.1, or more on the date the petition is filed.

. . .

(4) During the marriage, the other spouse physically or sexually abused the spouse seeking divorce or a child of one of the spouses, regardless of whether the other spouse was prosecuted for the act of abuse.

(5) After a contradictory hearing or consent decree, a protective order or an injunction was issued during the marriage against the other spouse to protect the spouse seeking the divorce or a child of one of the spouses from abuse.

La. C.C. art. 103.1 provides:

The requisite periods of time, in accordance with Articles 102 and 103 shall be as follows:

(1) One hundred eighty days where there are no minor children of the marriage.

(2) Three hundred sixty-five days when there are minor children of the marriage at the time the rule to show cause is filed in accordance with Article 102 or a petition is filed in accordance with Article 103.

The threshold issue in determining whether the judgment of divorce in this matter was an error is whether Ms. Trushyna's December 19, 2017 "Petition for Divorce Pursuant to La. C.C. art. 103(4) and/or in the Alternative La. C.C. art. 103(5)" was truly an amended petition which nullified the petition filed on September 25, 2017, pursuant to Article 102. The December petition does not indicate that it is an amended petition, and the original petition was never dismissed.

A petition for divorce pursuant to Article 102 does not require an answer. La. C.C.P. art. 2593. Therefore, neither leave of court nor permission of the parties is required to amend the petition, nor are there any time requirements for amending. La. C.C.P. art. 1151. That being the case, without some indication within the pleading as to whether it is an amendment or a supplement, the most logical way to treat the second petition is as a completely separate cause of action.[4] *See Lamb v. Lamb*, 411 So.2d 1, 1–2 (La. 1982) (wife's suit for divorce based on adultery and husband's suit for divorce based on living separate and apart were "not suits on the same cause of action"); *Rodrigue v. Rodrigue*, 588 So.2d 1180 (La. App. 1 Cir. 10/18/91) (court did not err in granting husband divorce based on living separate and apart even though wife's fault-based suit was filed first). *But see Schiro v. Farrell*, 13–636 (La. App. 5 Cir. 12/19/13) 131 So.3d 997, 1001–02 (finding that the extinguishment of a petition for divorce by reconciliation also extinguished the subsequent petition filed under the same case number although the appellant argued that the petition was a separate cause of action and not an amended or supplemental petition).

---

[4] Otherwise, whether a subsequent petition is an amendment or a revocation of the previous filing would depend on the whim of the party after a problem arises.

Louisiana Code of Civil Procedure Article 102 provides that when a petition for divorce has been filed, *either* spouse may file a rule to show cause after the delay period required by La. C.C. art. 103.1 passes, and the "divorce *shall* be granted" upon proof that the parties have lived separate and apart without reconciliation for over 180 days between the time the petition for divorce was served and the filing of the rule. *See Simmons v. Simmons*, 34,942 (La. App. 2 Cir. 8/22/01), 795 So.2d 448, 450. In the *Simmons* case, a wife argued that the court erred in granting a divorce pursuant to Article 102 when she filed a petition seeking a fault-based divorce under La. C.C. art 103 and pleading La. C.C. art. 102 as alternative grounds. *Id.* at 450. One hundred and eighty days after service, the defendant husband filed a rule to show cause why the Article 102 divorce should not be granted. *Id.* The court found, "[t]he word 'shall' as used in article 102 is mandatory and requires the trial court to grant a divorce upon proof that 180 days have elapsed since the date of original separation."[5] *Id.* citing *Borel v. Borel,* 624 So.2d 1279 (La. App. 3d Cir. 1993).

Likewise, in *Watters v. Watters*, the plaintiff husband filed a petition for divorce pursuant to La. C.C. art. 102, and the defendant wife filed an answer and reconventional demand for fault-based divorce on grounds of adultery. 91–2402 (La. App. 4 Cir. 10/29/92) 607 So.2d 948, 949 *writ denied*, 92–3131 (La. 1/15/93) 610 So.2d 819. The court held that the trial court did not err by granting the judgment for divorce under Article 102 even if issues of fault were still pending because "[i]t was the intent of the legislature that article 102 provide an expeditious method of granting a divorce. Litigating fault claims delays that process." *Id.* at 949–50; *see Barnett v. Barnett*, 15–766 (La. App. 5 Cir. 5/26/16),

---

[5] The language of the statute actually refers to the time between service of the petition for divorce and filing the rule to show cause for measuring the 180 day separation and not necessarily the date of the physical separation, which may predate the petition.

193 So.3d 460, 464 (granting divorce under Article 102 although hearing was set on issue of fault).

Mr. Martin filed his rule to show cause on August 7, 2018, 308 days after he received service of Ms. Trushyna's September 25, 2017 petition pursuant to Article 102. Ms. Trushyna's counsel did not object to the proceedings under Article 102, nor did he present any evidence to contradict Mr. Martin's affidavit or testimony averring that the spouses had been living separate and apart without reconciliation since September 2, 2017. In fact, both petitions for divorce filed by Ms. Trushyna also allege that the parties separated on September 2, 2017. It is undisputed that there are no minor children of the marriage and the relevant time requirement under La. C.C. art. 103.1 is 180 days. In *Simmons*, the court held that the judgment for divorce under Article 102 was proper even when the wife's attorney objected to the proceeding on the grounds that his client wanted to litigate fault because there was no evidence presented that the requirements of La. C.C. arts. 102 and 103.1 were not met. 795 So.2d at 450.

The trial court did not err in granting the judgment of divorce pursuant to La. C.C. art. 102. Nevertheless, Ms. Trushyna claims that she suffered a "miscarriage of justice" when the trial court denied her motion for new trial and she was not given the opportunity to present her evidence of domestic abuse to the court in a proceeding for a fault-based divorce.

II.  *Whether the District Court erred in denying the Motion for New Trial.*

Trial courts have authority to grant new trials on either peremptory or discretionary grounds. La. C.C.P. art. 1972 states,

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:

> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.

(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

Louisiana Code of Civil Procedure Article 1973 provides that the court has discretion to grant a new trial when "there is good ground therefor, except as otherwise provided by law." Ms. Trushyna relies on Article 1973 in claiming that the court should grant a new trial when it "is convinced by an examination of the facts that the judgment would result in a miscarriage of justice." *Lamb*, 430 So.2d at 53. When a motion for new trial on discretionary grounds is denied, this court reviews that decision for an abuse of discretion. *Nelson v. Nelson*, 42,697 (La. App. 2 Cir. 12/5/07), 973 So.2d 148, 152.

Ms. Trushyna claims that her attorney was negligent in failing to have the fault-based divorce petition set for trial and failing to object to the rule to show cause hearing or present any evidence of domestic abuse at that hearing. Ms. Trushyna equates her situation to that of the plaintiffs in *Smith v. Alliance Compressors*, where the court held that the failure of the plaintiff's attorney to file a reply brief or present any evidence contesting a motion for summary judgment deprived the plaintiff of her day in court. 05–855 (La. App. 3 Cir. 2/1/06), 922 So.2d 674, 677, 680–82. In this case, the actions or lack of action on the part of Ms. Trushyna's attorney did not rise to the level of denying her an opportunity to obtain the benefits that a fault-based divorce on grounds of domestic abuse can provide.

One of the main benefits of obtaining a fault-based divorce under La. C.C. art. 103(4) or La. C.C. art. 103(5) is that there is no waiting period, the divorce is immediate. 2015 La. Sess. Law Serv. Act 221 § 4. A final judgment of divorce

has been issued in this case. Overturning that decision would be counteractive to the purposes of Article 103.

The second major benefit of a fault-based divorce is in the area of spousal support. A spouse who is awarded a fault-based divorce pursuant to La. C.C. art. 103(4), or (5) or is determined by the court to have been a victim of domestic abuse during the marriage is presumed to be entitled to final period support. La. C.C. art. 112(C).[6] Also, when support is awarded after a judgment of divorce based on domestic abuse, "the sum awarded may exceed one-third of the obligor's net income and may be awarded as a lump sum." La. C.C. art. 112(D). This is a benefit that is not available for other types of divorce. *Id.*

If Ms. Trushyna's petition for divorce pursuant to La. C.C. art. 103(4) or La. C.C. art. 103(5) proceeded to trial, and if she met her burden of proving that Mr. Martin was at fault for the divorce based on domestic abuse, she might have benefited from La. C.C. art. 112(C) and (D). However, those provisions do not eliminate the trial court's discretion in determining awards of final spousal support. *See Thomas v. Thomas*, 17–0760 (La. App. 4 Cir. 2/21/18), 238 So.3d 515, 522. Nor has Ms. Trushyna lost her right to claim final periodic support. *See Watters*, 607 So.2d at 950 ("we find that defendant has in no way been prejudiced by the trial court's judgment since she may still litigate her claims of fault.").

The threshold issue in any claim for final support is fault. *Barnett*, 193 So.3d at 465. The party claiming final spousal support has the burden of proving that he or she was without fault for the divorce. *Id.* If the spouse seeking support proves lack of fault, the basic test involves the need for support and the ability of

---

[6] Article 112 was amended in 2018. Prior to the amendment, La. C.C. art. 112(B) provided, "When a spouse has not been at fault prior to the filing of a petition for divorce and the court determines that party was the victim of domestic abuse committed during the marriage by the other party, that spouse *shall be awarded* final periodic support or a lump sum award, at the discretion of the court . . .." (emphasis added). The amendment was intended to clarify that, in addition to the requirement that the claiming spouse be free from fault, other prerequisites such as need and ability to pay still exist before an award of final spousal support is appropriate. La. C.C. art. 112, 2018 Revision Comments; *see Bloxom v. Bloxom*, 52,728 (La. App. 2 Cir. 08/14/19), --- So.3d --- , 2019 WL 3808020.

the other spouse to pay. *Id.* Ms. Trushyna only needs to properly request final spousal support and demonstrate a lack of pre-filing fault for the court to determine an appropriate sum and duration. La. C.C. arts. 111–112; *see Barnett*, 193 So.3d at 465–66; *Thomas*, 238 So.3d at 518.

Furthermore, courts have not held there to be an absolute right to a fault-based divorce when the proper procedure has been followed and the requirements of either La. C.C. art. 102 or La. C.C. art. 103(1) have been met. *Simmons*, 795 So.2d at 450; *Watters*, 607 So.2d at 950.[7]

We find that the trial court did not abuse its discretion in denying the motion for new trial as we see no evidence of a miscarriage of justice from the record.

## DECREE

Accordingly, we affirm the trial court's judgment of divorce and subsequent denial of Ms. Trushyna's motion for new trial.

**AFFIRMED**

---

[7] The trial court found that Mr. Martin's reconventional demand for divorce pursuant to La. C.C. art. 103(1) was filed before the 180 day period of living separate and apart had elapsed and refused to grant the divorce at that time. However, if Mr. Martin chose to file another Petition pursuant to Article 103(1) instead of the rule to show cause why the Article 102 divorce should not be granted, the divorce would unquestionably be granted and the question of whether Ms. Trushyna's second petition was amended would be unnecessary. La. C.C. art. 103 ("a divorce *shall be granted* on the petition of a spouse upon proof that . . . [t]he spouses have been living separate and apart continuously for the requisite period of time.").

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 13, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 19-CA-79

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
LILA M. SAMUEL (APPELLEE)                    ERIC E. MALVEAU (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED